———o———

EUGENE LUNGSTRASS Respondent, vs. GERMAN INSURANCE CO. Appellant.

1. *Corporation—Officer of, exceeding his powers, company bound, when.*—It is well settled that where a person deals with an officer of a corporation who assumes authority to act in the premises, and no irregularity or want of authority is brought to the knowledge of the party so dealing, and nothing occurs to excite suspicion of such defect, the corporation is bound, although the agent exceeded his powers.

2. *Fire Insurance Companies—Premium—Receipt of by agent—Entry on books—Contract, what acts close.*—Where the agent of a fire insurance company accepts a policy sent him by it and charges himself on his agency books with the premium, the contract between him and the company is consummated although neither the premium nor a letter of acceptance is forwarded by him to his principal.

*Appeal from Lafayette Circuit Court.*

*Crandell & Sinnett,* for Appellant.

I. The acts and declarations of the agent when not expressly authorized by the principal, must, in order to bind him, be within the scope of the authority conferred on him. (Sto. Ag., §§ 115, 126 to 134; N. Y. Life Ins. & Trust Co. vs. Beebe, 3 Seld. [N. Y.] 364.)

*Hicks, Philips & Vest,* for Respondent.

In this case the question is not what were the powers conferred upon the secretary by the company, but what authority Lungstrass, who dealt and corresponded with him and him only, had a right to infer the Secretary had from the Company. (Perkins vs. Washington Ins. Co., 4 Cowp., 660, 661, 663; New Eng. Ins. Co. vs. DeWolf, 8 Pick., 59, 62, 63; Goodwin vs. Union Screw Co., 34 N H., 378; Northrup vs. Miss. Valley Ins., Co., 47 Mo., 440; Merchants Bank vs. State Bank, 10 Wall., 644; See 15 Md., 494, 501; Nicoll vs. Am. Ins. Co., 3 Woodb. & Min., 529; Hough vs. City Fire Ins. Co., 29 Conn., 10; Ætna Ins. Co. vs. Maguire, 51 Ill., 350, 351.)

NAPTON, Judge, delivered the opinion of the court.

This case was before this court in 1871, and is reported in Vol. 48, p. 201, and we refer to the statement therein made as sufficient to explain the points arising.

It is true that on the second trial, had after the decision of this court, there was some additional evidence, but the material facts are the same as before; and the instructions given on the last trial are in conformity with the principles determined when the case was here in 1871.

Great stress is laid, however, in the elaborate argument by the counsel for the company, on the instructions given by the court in regard to a certain printed book of a Cincinnati Insurance Company—which, it seems, was handed to the plaintiff, when he was appointed agent by the secretary of defendant, accompanied with the remark, that the defendant

had not as yet had any book of that kind printed, but that this one would serve to some extent as a guide to him in the management of his agency.

The proof was very distinct on the last trial, that the company had never formally adopted the regulations or instructions contained in said printed book; and therefore it is insisted, that no authority existed in the secretary to use such book in his instructions to agents.

But it is well settled that where persons deal with an officer of a corporation, who assumes authority to act in the premises, and no want of authority or irregularity is brought to the knowledge of the party so dealing with the corporation, and nothing occurs to excite suspicion of such defect, the corporation is bound, although the agent exceeded his powers. (Merchants Bank vs. The State Bank, 10 Wall., 644.)

In the present case however, there was no defect of authority on the part of the secretary to appoint agents and give them instructions.

It clearly appeared that he was the officer intrusted with this business. It matters not, therefore, whether the board of directors had ever adopted the regulations handed by the secretary to the plaintiff or not; and the instruction given by the court on this point was correct.

But we think the point entirely immaterial. The correspondence between the secretary and the plaintiff undoubtedly authorized him to pursue the course which he did, in regard to his own policy.

When he accepted the policy last sent to him, and charged himself on his agency book with the premium, the contract was consummated, and the jury, under instructions on this point, have found the facts to be as stated.

This course of the plaintiff was authorized by the correspondence between him and the Secretary, without regard to the printed book of instructions, so that all questions in regard to the effect of that book, and its delivery to the plaintiff were unnecessary to a decision of the case.

All the points in this case were decided when the case was here before, and we think decided rightly, and it is unnecessary now to do more than refer to the opinion of Judge Bliss on the subject The judgment is affirmed. All the judges concur.