H. C. CLEM *et al.*, Appellants, v. GERMAN INSUR-
ANCE COMPANY, Respondent.

Kansas City Court of Appeals, March 19, 1888.

1. CONTRACT—INSURANCE POLICY—MISTAKE IN WRITING UP TERMS
OF IT—REMEDY NOT LIMITED TO RETURNING POLICY AND DE-
MANDING RESCISSION.—Where the agent of an insurance company
wrote up the policy upon terms not agreed upon with the insured,
the remedy of the insured, upon discovering the fact, is not limited
to a return of the policy and the demanding of a rescission.

2. ———— ———— EVIDENCE—WHAT IS PROOF OF MISTAKE, AND HOW
SHOWN—CASE ADJUDGED.—The existence of fraud and mistake is
a matter of proof ; and it is an inference to be drawn from the
proof of obvious facts and circumstances from which the prin-
cipal fact in controversy may be inferred. If the incorporation of
other terms in the policy, in this case, was purposely done, the in-
ference of fraud follows ; and if from mistake, and the fact was
not discovered until just before the loss, the plaintiffs are equally
entitled to have the instrument reformed so as to express the real
contract.

3. ———— ————— CASE OF A CLAUSE OF POLICY NOT ACCEPTABLE TO
INSURED—DUTY IN SUCH CASE.—Where there is no antecedent
agreement between a person applying for insurance and the agent
of an insurance company as to a particular matter (in this case,
that respecting concurrent insurance in other companies), the
proper course of the assured, after discovering the clause of the
policy as written, if not acceptable to him, is to refuse to accept
it, and at once return it for cancellation.

4. PRACTICE—EQUITY—COURSE OF PROCEEDINGS IN COURTS OF—RULE
CONCERNING—CASE ADJUDGED.—It is among the recognized rules
of equity proceeding that, when a court of equity once acquires
jurisdiction of a cause like this, "it will not relax its grasp upon the
*res* until it shall have avoided a multiplicity of suits by doing full,
adequate, and complete justice between the parties. The petition
in this case substantially meets the requirements of law, in such a
case as this is, as to the ground for relief, for it contains, first, the
essential averments entitling the plaintiff to the equitable relief,
and then adds the allegations showing the loss by fire, the furnish-
ing the requisite proofs of loss, and the amount of such loss, with
a prayer for judgment therefor ; and the mingling with it a prayer
for general relief is not fatal.

APPEAL from Livingston Circuit Court, HON. JAMES M. DAVIS, Judge.

*Reversed and remanded, with directions.*

Statement of case by the court.

This is a bill in equity to reform a fire insurance policy, and for judgment for the amount of loss sustained by the assured.

The evidence shows that, on and prior to the twenty-fourth day of February, 1885, the plaintiffs held a policy of insurance issued to them by the Glen Falls Insurance Company, insuring to the extent of eight hundred dollars, the stock of flour, meal, oats, corn, bran, oil-cake, and such other merchandise as is usually kept in a country flour and feed-store. On or about the date aforesaid, plaintiffs went to the agent of the defendant company, and stated to him that they were in receipt of a carload of flour, and wanted to take out a policy thereon to the extent of four hundred dollars, or as the witnesses stated it, "four hundred dollars more insurance." This agent also represented the said Glen Falls Company. No company was named by the parties in this conversation. The agent on this, or the next day, made out the policy in the defendant company; and put it upon property as described in the first-named policy, in addition to the flour. The agent also inserted therein : "Eight hundred dollars other concurrent insurance permitted ; that, in case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured by us bears to the whole amount insured thereon." This policy was delivered by said agent to plaintiffs the day of its execution.

Shortly afterwards the plaintiffs sold out their said business and property to one Blackburn, except the

flour aforesaid ; and by consent of the Glen Falls Insurance Company, that policy was transferred to Blackburn. It was then, as claimed by plaintiffs, for the first time discovered by them that said agent had made out the policy in question covering other property than the flour, with the provision above named respecting other concurrent insurance. Plaintiffs applied to the agent, complaining of these insertions as unwarranted, and demanded the correction of the same by giving a policy covering only the flour, and omitting the stipulation respecting other insurance. They claim, and so testified, that said agent in effect conceded the facts contended for by them, and said it was so understood, and not necessary to rectify it as requested. Plaintiffs' flour was left in the storeroom in charge of Blackburn, to sell for them on commission.

On the twenty-seventh day of March following, the property was destroyed by fire, including the property so sold to Blackburn. After proof of loss was duly made and presented, on defendant's refusal to adjust, this action was brought, setting out the facts aforesaid, respecting the insertion of the controverted provisions in the policy, alleging that the same were so inserted by the agent fraudulently and by mistake, asking for the reformation of the contract according to the facts, and for judgment on the policy for the amount of the loss.

Defendant's evidence is sufficiently noted in the opinion. At the conclusion of the evidence the court announced that it could not, on the evidence, decree the reformation of the policy as prayed. Thereupon, the plaintiff moved the court for judgment on the policy as it was for the proper proportion of the loss ; which motion the court refused, and entered up judgment for defendant. Plaintiffs have appealed.

BROADDUS & WAIT and C. A. LOOMIS, for the appellants.

I. The application is the true exponent of what the policy should be ; and upon satisfactory proof the

court will make the policy conform to the evident intentions of the parties as shown by it. *Maliere v. Ins. Co.*, 5 Rawle, 342; *Matteux v. Ins. Co.*, 1 Atkin, 545; *Henckle v. Ins. Co.*, 1 Ves. 317; *Gurner v. Sterner*, 2 Whar. 79; *Ins. Co. v. Perrin*, 7 Wat. & Serg. 352; *Norris v. Ins., Co.*, 3 Yeates, 84; *Ins. Co. v. Hoppheimer*, 46 Miss. 645; *Oliver v. Ins. Co.*, 2 Curtis, 277; *Lippincott v. Ins. Co.*, 3 Louisiana, 546; *Ins. Co. v. Gurner*, 1 Paige, 278.

II. Policies will be reformed not only in case of fraud, but upon mistake when duly established by the best evidence attainable. *Ins. Co. v. Helfenstein*, 4 Wright, 300; *Ins. Co. v. O'Malley*, 82 Pa. St. 400; *Palmer v. Ins. Co.*, 4 N. E. Rep. 470, and cases cited; *Sheldon v. Ins. Co.*, 25 Conn. 207; Story Eq. Jur., sec. 159.

III. The clause of alienations will be strictly construed and confined within its narrowest limits. In case of merchandise, in case the whole or any part is alienated, it is only revoked *pro tanto*. *Harper v. Ins. Co.*, 17 N. Y. 424; *Hitchcock v. Ins. Co.* 26 N. Y. 68; *Hoffman v. Ins. Co.*, 32 N. Y. 405; *Ins. Co. v. Helfenstein*, 40 Pa. St. 289; *Briggs v. Ins. Co.*, 88 N. C. 141; *Wolf v. Ins. Co.*, 39 N. Y. 49; *Cowan v. Ins. Co.*, 40 Iowa, 551;

IV. Courts will not be astute to find ways to make a forfeiture of a contract of insurance; and will construe conditions and provisions in a policy most strongly against an underwriter, and uphold the agreement. *Hennessey v. Ins. Co.*, 28 Hun, 98-100; *McMasten v. Ins. Co.*, 55. Hun, 222-32; *Ins. Co. v. Helfenstein*, 4 Wright, 300.

V. It was the duty of the court in any event to have rendered judgment for the loss. 2 Pom. Eq. Jur., p. 831, sec. 862.

VI. The whole petition states all the facts, and the court could reform or render judgment for amount of loss as found from the evidence. *Savings Institution v. Collonius*, 63 Mo. 280.

G. W. Barnett, for the respondent.

I. There was no written application in this case and the contract is contained in the policy, and while the policy may be reformed by a suit in equity by alleging and proving a mistake, yet the evidence, both of the agreement and the mistake, must be made out by the clearest evidence, such as will strike all minds as unquestionable and free from reasonable doubt. *Forrester v. Scoville*, 51 Mo. 268 ; *Tesson v. Ins. Co.*, 40 Mo. 33 ; *Atkins v. Henry*, 80 Mo. 157 ; *Fessenden v. Ockington*, 74 Me. 123 ; 1 Story's Eq. Jur. (11 Ed.) 161 ; *Meade v. Ins. Co.*, 64 N. Y. 454 ; *Hearne v. Ins. Co.*, 20 Wall. 488. (*a*) Before the policy can be reformed on the ground of mistake it must be established that both parties agreed to something different from what is expressed in the writing. It is not sufficient that plaintiff ordered a different policy to the one issued, but the evidence must show beyond a reasonable doubt that there was an intention on the part of defendant to issue a different policy to the one issued—the mistake must be mutual, and the evidence must show that the minds met on the contract as alleged in the petition. *Meade v. Ins. Co.*, 64 N. Y. 454 ; *Hearne v. Ins. Co.*, 20 Wall. 488 ; *Severance v. Ins. Co.*, 5 Bliss [U. S.] 156 ; *Cooper v. Ins. Co.*, 50 Pa. St., 299 ; *Davvego v. Ins. Co.*, 7 La. An. 228 ; *Guernsey v. Ins. Co.*, 17 Minn. 104 ; *Ice Co. v. Ins Co.*, 31 Barb. (N. Y.) 72 ; *McHugh v. Ins. Co.*, 48 How. Pr. (N. Y.) 230. (*b*) A mistake on one side is sufficient authority for rescinding a contract, but not for reforming it, and if the policy is not according to the contract the assured should promptly examine and return it. *Ins. Co. v. Fletcher*, 117 U. S. 519 ; *Hearne v. Ins. Co.*, 20 Wall. 488 ; *Ins. Co. v. Neiberger*, 74 Mo. 167 ; *Richardson v. Ins. Co.*, 46 Me. 394.

II. In equity cases, the appellate court will defer much to the opinion of the chancellor below, and will not disturb the decision except in cases free from doubt. *Chouteau v. Allen*, 70 Mo. 336 ; *Erskine v. Loewenstein,*

82 Mo. 301; *Sharpe v. McPike*, 62 Mo. 300; *Berry v. Hartsell*, 91 Mo. 132; *Cornet v. Bertelsman*, 61 Mo. 126; *Judy v. Bank*, 81 Mo. 410; *Bayle v. Jones*, 78 Mo. 403; *Wilson v. Maxwell*, 57 Mo. 147; *Shelley v. Boothe*, 73 Mo. 74.

III. This is a suit in equity to reform a policy, and tried on that theory in the court below. The plaintiffs cannot in the appellate court shift their theory, and ask a recovery on the policy as it stands, as though it were a suit at law; for it is the well-settled rule of practice in appellate courts, that the party complaining must stand or fall by the theory on which he tried the case in the court below. *Fell v. Coal Mining Co.*, 23 Mo. App. 216; *Davis v. Brown*, 67 Mo. 313; *Noble v. Blount*, 77 Mo. 241; *Walker v. Owens*, 79 Mo. 568; *Buzard v. Houston*, 119 U. S. 347; *Holmes v. Braidwood*, 82 Mo. 610; *Henderson v. Dickey*, 50 Mo. 161; *Stix v. Mathews*, 75 Mo. 96; *Clements v. Yeates*, 69 Mo. 623. Nor had the trial court authority to give judgment for plaintiff on a theory different from that of the petition. Plaintiff sued on a contract different from the policy, and cannot at the trial abandon the contract pleaded in the petition and ask judgment on the policy; they can not repudiate the policy in the petition and ask judgment on it at the trial. *Stix v. Mathews*, 75 Mo. 161; *Clements v. Yeates*, 69 Mo. 623; *Ensworth v. Barton*, 60 Mo. 511; *Eyerman v. Cemetery Ass'n*, 61 Mo. 489; *Robinson v. Rice*, 20 Mo. 229; *Link v. Vaughan*, 17 Mo. 585; *Duncan v. Fisher*, 18 Mo. 403; *Beck v. Farrar*, 19 Mo. 30; *Houston v. Scale Works*, 56 Mo. 489.

IV. If the petition can be regarded as stating an action at law, it is fatally defective by the improper joinder of a suit at law and in equity in the same court; and the defect will be fatal on demurrer, motion in arrest, writ of error, or appeal,—as the error appears on the face of the record. *Henderson v. Dickey*, 50 Mo. 161; *Jones v. Moore*, 42 Mo. 413; *Peyton v. Rose*, 41 Mo. 257; *Martin v. Lutkewitte*, 50 Mo. 58; *Meyers v. Field*, 37 Mo. 434.

V. The policy contains a provision against sale of the property insured without the consent of the company indorsed thereon. This provision was expressly violated by the sale of the property shown in evidence. *Baldwin v. Ins. Co.*, 10 Law Jour. 433; *Barnes v. Ins. Co.*, 51 Maine, 110; *Lovejoy v. Ins. Co.*, 45 Maine, 472; *Gould v. Ins. Co.*, 47 Maine, 403; *Ins. Co. v. Spankneble*, 52 Ill. 53; *Merrill v. Ins. Co.*, 73 N. Y. 452; *Card v. Ins. Co.*, 4 Mo. App. 424; *Day v. Ins. Co.*, 51 Maine, 91; *Fiesmuth v. Ins. Co.*, 10 Cush. (Mass.) 587; *Brown v. Ins. Co.*, 11 Cush. (Mass.) 587; *Kimball v. Ins. Co.*, 8 Gray, 33; *Gottsman v. Ins. Co.*, 56 Pa. St. 210; *Plath v. Ins. Co.*, 23 Minn. 475. (*a*) It is the settled law that unless separate rates of premium are fixed, an alienation of either or a part of either is fatal to the policy, especially is this so if the policy stipulates against the sale of any part of the property, as in this case. 1 Wood on Fire Ins. Co., p. 731, sec. 350; *Plath v. Ins. Co.*, 23 Minn. 475; *Barnes v. Ins. Co.*, 61 Maine, 110; *Gould v. Ins. Co.*, 47 Maine, 403; *Lovejoy v. Ins. Co.*, 45 Me. 472; *Ins. Co. v. Spankneble*, 52 Ill. 53. (*b*) None of the authorities cited by appellants on this point sustain the proposition asserted by them except possibly the case of *Ins. Co. v. Helferstine*, 40 Pa. 289, and if that case can be so construed, the same court, in the latter case of *Gottsman v. Ins. Co.*, 56 Pa. 210, decides to the contrary, and holds that if the consideration be single, the contract is entire, and the avoidance of the policy as to part avoids as to the whole of the property.

Philips, P. J.—I. We are unable to reconcile the finding of the trial court with some of the undisputed facts disclosed in evidence. That the insertion of other property than the flour in the policy of insurance was outside of any authority given by the plaintiffs is beyond question. The agent himself testified, *inter alia*, as follows: "The day this policy was issued, Clem came to my office and stuck his head in the door, and said he

had bought another carload of flour, and wanted four hundred dollars more insurance. Clem said, standing in the door with his hand on the knob, 'we have bought another carload of flour, and want four hundred dollars more insurance.' " It was on this statement by plaintiff, Clem, that the agent wrote up the policy. There can be no just pretense for the contention of defendant's counsel that there was no mutual mistake of the parties ; and if the agent wrote up the policy as he understood the terms of the parol application, but which was contrary to the understanding of the plaintiffs, their only remedy was, on discovering the fact, to promptly return the policy and demand a rescission. For, as to the property to be insured, the agent for the company admits that he understood the proposition just as the plaintiffs did.

The existence of fraud and mistake is a matter of proof ; and like every operation of the human mind, not tangible to the touch nor visible to the eye, it is an inference to be drawn from the proof of obvious facts and circumstances, from which the principal fact in controversy may be inferred. Knowing, as the agent did, that the application of plaintiffs was only to take out additional insurance on the newly-arrived flour, the conclusion would seem to be irresistible that, in incorporating other property in the policy, he did so either designedly or through mistake. If purposely done, the inference of fraud follows. If from mistake, and the fact was not discovered until just before the loss, the plaintiffs are equally entitled to have the instrument reformed, so as to express the real contract. *Tessen v. Ins. Co.*, 40 Mo. 36.

The most charitable view to the agent to take of this matter is, that having before him the policy of the Glen Falls Insurance Company, he copied from it the description of the property unthoughtedly. For he testified : "When I wrote this policy (the one in controversy) I saw the other for eight hundred dollars in the

Glen Falls Company." Be this as it may, when the plaintiffs applied for a policy on the flour alone, and the agent, without objection, then consented to issue one for the premium, there was the essential *aggregatio mentium*, and the contract was complete. *Keim v. Ins. Co.*, 42 Mo. 41 ; *Lungstraus v. Ins. Co.*, 57 Mo. 107 ; *Lingenfelter v. Ins. Co.*, 19 Mo. App. 264.

The evidence of the plaintiffs was, that, when they discovered the mistake, they called on the agent and made complaint and requested him to rectify the matter ; and that he, in effect, conceded the fact as to the understanding that only the flour was to be insured. Although testifying on behalf of the defendant, the agent, while stating in general terms that the policy expressed the only contract made with plaintiffs, made no direct denial of the testimony of the plaintiffs as to said admission. So the important admission stands uncontradicted. In our opinion, the plaintiffs made out a clear right to have the policy reformed in this respect, and the decree should have so gone.

II.  All the other items being thus eliminated from the policy, it is unnecessary to consider the effect on the contract which might have been produced by the sale of that property to Blackburn.

III.  The only remaining important question is, as to plaintiffs' right to have the policy reformed as to the provision concerning other concurrent insurance. It appears, from the evidence, that nothing was said at the time of the application for insurance, either as to what company the plaintiffs desired to insure in, or as to any other special provisions to be inserted therein. Leaving the matter thus, it is reasonable to presume they intended, first, that the agent should write the policy in a company presented by him, and, second, that he would write it up in the usual mode or custom of such company in issuing policies. The plaintiffs, by accepting the policy, acquiesced in the selection made by the agent. They, therefore, are presumed to have known that the policy was not in the same company as

the first. The evidence on the part of defendant was, that its uniform rule was not to issue a policy without inserting the provision respecting concurrent insurance in other companies. This is customary. The agent also testified that, knowing, as he did, of the other insurance in the Glen Falls Company, he would not have issued this policy without inserting such stipulation, as his explicit instructions from his principal forbade him doing otherwise. There was, then, no antecedent agreement between plaintiffs and defendant respecting this matter, nor any mistake or fraud on the part of the agent in inserting this usual provision in the policy. This presents clearly a case where, after discovering the clause of the policy, if not acceptable to the assured, their proper course would have been not to accept, and at once return it for cancellation ; though it is not necessary to say they could have compelled a cancellation. Our conclusion is, the plaintiffs are not entitled to the relief sought as to this provision of the policy.

IV. Question is made by respondent as to the right of the plaintiffs, after the court shall have made decree reforming the policy, as indicated in the first paragraph of this opinion, to have judgment on adjustment of the loss. It is claimed that this can only be done where the plaintiffs have added a separate count for such cause of action.

It certainly is among the recognized rules of equity proceeding that, when a court of equity once acquires jurisdiction of a cause like this, "it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits by doing full, adequate, and complete justice between the parties. It will not content itself in this regard by any halfway measures ; it will not declare that a party has been defrauded of his rights, and then dismiss him with the bland permission to assert, at new cost and further delay, those rights in another *forum.*" *Real Estate Savings Institution v. Collonius*, 63 Mo. 295 ; 2 Pom. Eq., sec. 862. And without either denying or affirming that the ruling in *Henderson*

*v. Dickey*, 50 Mo. 161, is applicable to this case, we hold that the petition in this case substantially meets the requirements of that opinion, for it contains, first, the essential averments entitling the plaintiffs to the equitable relief; and then adds the allegations showing the loss by fire, the furnishing the requisite proofs of loss, and the amount of such loss, with a prayer for judgment therefor. It is true the prayer for general relief is mingled therewith. But this is not fatal, as the two prayers refer to their respective subject-matters.

V.  It follows that the judgment is reversed, and the cause is remanded with directions to the circuit court to enter the appropriate decree reforming the policy by eliminating therefrom all the items of property insured except the flour, to hear the proofs as to the value of the flour destroyed, and to make the adjustment accordingly.   All concur.