CORNELIA S. STEELE, Plaintiff and Appellant, v. ALMON B. THOMPSON, Defendant; R. U. LEONORI, Garnishee and Appellant.

St. Louis Court of Appeals, December 17, 1889.

1. **Practice, Appellate**: SECOND APPEAL : RES ADJUDICATA. When a cause is appealed for the second time, the questions of law determined on the first appeal are not open for discussion on the second.

2. **Garnishment**: RIGHT OF GARNISHEE TO COMMISSIONS. When one is summoned as garnishee of a defendant for whom he has sold property, out of the proceeds of which the defendant is entitled to a fixed sum as exempt from levy, all the commissions and charges, to which the garnishee is entitled for selling said property, should be allowed him out of the proceeds left after payment in full of said exemption.

3. ———— : ————. In such case the garnishee's right to such commissions and charges is not necessarily lost by his denial of any liability as garnishee, and his consequent failure to claim such commissions in his answers to the interrogatories propounded to him.

4. **Estoppel.** The fact that the attachment plaintiff consented to such sale, and induced the wife and agent of the defendant to prevail on her friends to bid on the property, and that the property, therefore, realized much more than its appraised value, does not estop such plaintiff from claiming the surplus of the proceeds of the sale over said exemptions.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED (*nisi*).

*Leonard Wilcox* and *Breck Jones*, for the plaintiff.

The court erred with respect to the expenses of sale and the garnishee's commissions. *Kersey v. Garten,* 77 Mo. 645; *Gilson v. Gwynn,* 107 Mass. 126; *Wyckoff v. Hotel Co.,* 24 Mo. App. 390; *Schlereth v. Railroad,* 96 Mo. 509; *Nugent v. Curran,* 77 Mo. 328. Mrs. Thompson was bound to make a new selection of exemptions. *Finley v. Sly,* 44 Ind. 266; *Beckner v. Rule,* 91 Mo. 62; *Wygant v. Smith,* 21 Lans. 185; *Steele v. Leonori,* 28 Mo. App. 681; Thomp. on Homest. & Ex., sec. 855. It was error to rule out the evidence tending to show that in August, 1886, the wife of defendant was about to remove out of the state with intent to change her domicile, and that subsequently she had actually removed from the state with such intent. *Fielder v. Jessup,* 24 Mo. App. 96; *Steele v. Leonori,* 28 Mo. App. 684; R. S. 1879, secs. 416, 2520, 2524; *State v. Kingsbury,* 33 Mo. App. 519. The garnishee was properly refused permission to prove the special defense set up in his reply. *Osborn v. Schutt,* 67 Mo. 712; *State v. Barada,* 57 Mo. 566; *State v. Barnett,* 96 Mo. 133.

*W. C. Marshall,* for the garnishee.

Mrs. Thompson was entitled to claim the statutory exemption. *Nash v. Norment,* 5 Mo. App. 545; *State v.*

*Dell*, 60 Mo. 435. A *fortiori*, where the plaintiff herein agreed with Mrs. Thompson that the exempt, attached and separate property should be sold without disclosing which was which, she is estopped from claiming the proceeds of the sale of the exempt property. *Austin v. Loring*, 63 Mo. 19; *Justice v. Lancaster*, 20 Mo. App. 559; *Farley v. Pettes*, 5 Mo. App. 262; *Sav. Ass'n v. Kehlor*, 7 Mo. App. 158; *Taylor v. Saugrin*, 1 Mo. App. 312; *Guffey v. O'Reilly*, 88 Mo. 418; *Austin v. Loring*, 63 Mo. 19; *Pelkington v. National Ins. Co.*, 55 Mo. 172; *Fenwick v. Wheatley*, 23 Mo. App. 641. The judgment was excessive.

BRIGGS, J., delivered the opinion of the court.

This action was before this court on a former appeal, and the opinion of the court contains a full statement of the facts and circumstances out of which this controversy arose. (*Steele v. Leonori*, 28 Mo. App. 675.) That decision also furnishes us with the law by which the present appeal is to be determined, unless a different state of evidence is presented.

The court, on the former appeal, decided that the absolute title to the exempt property, set apart to Mrs. Thompson under the plaintiff's first levy, did not vest in her, but remained in her absconding husband; that the law did not confer on her the absolute right to sell the property for her own account, but that, in case of a voluntary sale, it would be presumed that she acted as the agent of her husband.

The day after the exempt property was set apart to Mrs. Thompson under the first levy, she employed Leonori, the garnishee, as her agent and auctioneer to sell the property. At the sale made by the garnishee the property sold for nine hundred and fifty-two dollars and forty-one cents, and, before Leonori paid this money to Mrs. Thompson, the plaintiff attached the funds in his hands and summoned him as garnishee.

The plaintiff's contention on the former appeal was, that she was entitled to a judgment against the garnishee for the entire amount of the sale. The court in passing on this question decided that, after the second levy, Mrs. Thompson was entitled to a revaluation, and was entitled to the sum of four hundred dollars of the purchase money, unless she had become a non-resident of the state at the date of the service of the garnishment. The court did not decide that a formal claim was required of Mrs. Thompson, as in the first instance, but that any action by her or her agent, by which it was manifest that she did not intend to waive her right to a revaluation, would be sufficient. In other words, the sale of the property to the extent of four hundred dollars inured to her benefit, unless she had become a non-resident of the state at the time of the levy. In any event, the court decided that the overplus arising from the sale of the exempted property belonged to the husband, and was subject to the demands of his creditors. And the court also decided that Mrs. Thompson could assert her right to a revaluation through the garnishee, who at least acted as her agent in the collection of the sum of four hundred dollars.

After the case was remanded to the circuit court for retrial, the garnishee filed a reply to the plaintiff's amended denial of his answer to the interrogatories, in which he claimed that, by reason of certain matters therein stated, the plaintiff was estopped, or ought to be precluded, from enforcing her levy on any portion of the fund in his hands. The facts stated in this reply constitute new matter. The garnishee alleged that, after the exempt property was set apart to Mrs. Thompson, plaintiff was informed that Mrs. Thompson was entirely without means, and that she would be compelled to sell the exempt property, and some other articles owned by her in her own right; that the plaintiff knew that the sale of this property would be necessary for the support

of Mrs. Thompson and her two minor children; that at the same time the sheriff held under the plaintiff's attachment a large amount of personal property belonging to the defendant, Almon B. Thompson, which had to be sold; that the exempt and the attached property consisted chiefly of household goods, pictures, furniture, etc.; that, for the purpose of enlisting the efforts of Mrs. Thompson's friends in the sale of *all* the property, the plaintiff agreed with Mrs. Thompson that she might sell the exempt property, provided the latter would agree to a joint sale, and would use her best endeavors to procure the attendance of her personal friends as purchasers; that, in order that the plaintiff should profit by this arrangement, it was agreed that the identity of the attached exempt and separate property should be concealed from persons attending the sale; that, in pursuance of this agreement, Mrs. Thompson did prevail on many of her wealthy friends to attend the sale, and that, through sympathy for her in her misfortunes and troubles, they bid on the property sold, and, for this reason, it brought a great deal more than its appraised value. Hence, the garnishee says, that, in equity and good conscience, the plaintiff ought not to claim any portion of the money in his hands.

The case was submitted to the court sitting as a jury, and a judgment was entered against the garnishee, for five hundred and sixty-four dollars and fifty-eight cents. Neither party was satisfied with the judgment, and both have prosecuted appeals to this court.

The plaintiff insists that the judgment is wrong and cannot be upheld, and she assigns for error the following: *First.* That the judgment should have been for the entire amount with interest. *Second.* That the garnishee should not have been allowed any compensation for making the sale, or expenses incurred in advertising it. *Third.* That the court rejected proper and competent evidence offered by the plaintiff. *Fourth.*

That the court committed error in modifying and refusing instructions asked by the plaintiff.

On the other hand, the garnishee complains chiefly of the action of the court in refusing to admit any testimony in support of the equitable estoppel set forth in his reply. He also claims that the judgment, in any view of the case, is excessive.

As we have already said, we are not at liberty to discuss the legal questions which were passed on by this court on the former appeal, unless a different state of facts is presented. Whatever the court then decided is the law of this case.

It cannot be urged on this appeal that Mrs. Thompson is not entitled to four hundred dollars of the money in the hands of the garnishee, unless the evidence tends to show that Mrs. Thompson at the *date of the service of the garnishment* was not a resident of the state of Missouri. Whether she became a non-resident at some subsequent date, or whether she had any such intention at the time the garnishment was served, was entirely immaterial under the rulings of this court in the former decision. Therefore we must hold that all testimony having a tendency to prove a subsequent change of residence was entirely immaterial, and properly rejected by the court; and we must also hold, for the same reason, that all instructions given by the court, and not in harmony with this ruling, were improperly given.

The court also decided that it was not necessary for Mrs. Thompson to demand, in person, a new valuation or appraisement, but that this could be done for her by Leonori, her agent, and that her rights to the money could be asserted and protected in this proceeding. The garnishee, in his pleading, did not in so many words claim or assert the right of Mrs. Thompson to four hundred dollars of the money in his hands, but that is the effect or meaning of his pleading; and he not only claimed that four hundred dollars was exempt, but he denied

the right of the plaintiff to recover from him, as the agent of Mrs. Thompson, *any portion* of the money, for the reasons heretofore stated. The garnishee in this case was not an indifferent stakeholder, but, to a certain extent, he was the agent of both Mr. and Mrs. Thompson; and for this reason this court in its former opinion held, that he, as the agent of Mrs. Thompson, could claim a revaluation for her. If the garnishee had occupied the position of a mere debtor, then the doctrine contended for by the plaintiff would govern. There is no evidence in the case that Mrs. Thompson was not, at the date of the service of the garnishment, a resident of the state, and as there was no evidence of any intention on her part to abandon or waive her rights of exemption, or that Leonori, her agent, had no authority to assert them for her, we must hold that the circuit court did right in deducting the amount from the funds held by the garnishee.

The court allowed the garnishee his regular commission as auctioneer for selling the exempt property, and apportioned the expenses incurred in advertising the sale between the exempt and separate property, and gave the garnishee credit for the amount. The plaintiff's counsel assigns this for error, and claims that the garnishee was not entitled to any such credits as against the claims of their client. It must be conceded that Mrs. Thompson in making the sale, to a certain extent, acted as the agent of her husband, and that she had authority as such to make the sale. This authority necessarily carried with it the right to adopt the usual methods in making such sales. The garnishee was an auctioneer, and was employed by Mrs. Thompson to advertise and sell the goods; and as such agent he collected the purchase money for the goods. Under such a state of facts, would Leonori be precluded from claiming credit for his commissions and the expenses of the sale, at the suit of the defendant Almon B. Thompson?

It seems to us very clear that he would not. In such a
case, he could not be considered a mere volunteer, but
on the contrary the courts would hold that he made the
sale as the agent of the defendant, and that he was
employed to do so by the defendant's wife. If we are
correct in this proposition, how can the plaintiff occupy
a better position than the defendant in the attachment?
Leonori's defense, at the suit of either, would be pre-
cisely the same. The fact that Leonori did not in his
answer claim credit for commissions and expenses in
making the sale ought not to prevent the court from
making the allowance for him. The theory of the
garnishee's defense was, that he held the money as the
agent of Mrs. Thompson, and that, by reason of the
agreement between the plaintiff and Mrs. Thompson, the
former was precluded from attaching the funds in his
hands as the property of Almon B. Thompson. Under
this view of the case, the adjustment of Leonori's
charges was with Mrs. Thompson, and not with the
plaintiff as a creditor of her husband. If the garnishee
in his answer had claimed credit for his commissions
and expenses, this would have been inconsistent with
the defense which he attempted to make. However,
when the court found, as a matter of law, that Leonori,
in making the sale, must be considered as the agent of
the defendant in the attachment, then it was perfectly
right, equitable and just for the court to give him credit
for reasonable commissions and the expenses of the sale.
We will have to rule this assignment likewise against
the plaintiff.

On the trial of the cause, the garnishee offered evi-
dence tending to prove the equitable defense interposed
in his reply, and the court rejected all testimony on
the subject. He complains of this action of the court
and assigns it for error. If, as a matter of fact, the
plaintiff did make the agreement alleged, and did con-
sent to the sale of the exempt property, then a court of

equity would declare this to be a waiver of the plaintiff's right to levy on any portion of the proceeds, to the extent of the statutory claim of Mrs. Thompson. But we are acquainted with no equity rule by which such an agreement would estop the plaintiff from subjecting the proceeds of the sale, in excess of four hundred dollars, to the satisfaction of her judgment. Mrs. Thompson cannot claim to be prejudiced on account of the ruling of the court as to the residue, for the very good reason, that the overplus belonged to her husband, and she had no claim to it whatsoever. If the court had rendered judgment against the garnishee for the full amount, then the action of the court in rejecting the garnishee's evidence, in support of the equitable defense, would have been prejudicial error. To the extent of protecting Mrs. Thompson in her right of exemption, we think the testimony was competent, as tending to prove a waiver of a legal right by the plaintiff. Bigelow on Estoppel [4 Ed.] 633, 639 and 641, notes. The court, however, in its judgment fully satisfied the law, and protected Mrs. Thompson in her legal rights. The error complained of was, therefore, harmless.

Both parties complain of the amount of the judgment. Our conclusion is that Mrs. Thompson was entitled to receive the sum of four hundred dollars, less the value of two articles of exempt property retained by her, which it is agreed amounted to twenty-two dollars and fifty cents. The exempt and separate property sold for eighteen hundred and seventy-six dollars and ninety-one cents, of which nine hundred and fifty-two dollars and forty-one cents was from the sale of exempt property. The cost of selling both pieces of property was two hundred and two dollars and sixty-nine cents. The exempt property should, as between the plaintiff and the garnishee, bear its proportion of this expense, which would amount to one hundred and two dollars and eighty-nine cents. No portion of the expense should be

deducted from the amount due Mrs. Thompson. Upon this basis, the balance due Mrs. Thompson, to-wit, three hundred and seventy-seven dollars and fifty cents and the sum of one hundred and two dollars and eighty-nine cents should be deducted from nine hundred and fifty-two dollars and forty-one cents, which would leave a balance of four hundred and seventy-two dollars and two cents in the hands of the garnishee. The interest on this balance from the date of the service of the garnishment to the day of trial amounting to sixty-nine dollars and sixty-two cents should be added, making a total of five hundred and forty-one dollars and sixty-four cents. It follows from this, that the judgment rendered by the court against the garnishee was for twenty-two dollars and ninety-four cents too much. If the plaintiff will remit the amount of the excess, within ten days from the delivery of this opinion, the judgment will be affirmed; otherwise it will be reversed and the cause remanded. All the judges concur.