BARNARD & LEASE MANUFACTURING COMPANY, Appellant,
v. MONETT MILLING COMPANY, Defendant;  A. J.
WEBBER, Garnishee.

St. Louis Court of Appeals, February 21, 1899.

Garnishment: GARNISHEE: ALLOWANCE: ACTION.  Section 5238 of the garnishment act, provides that the court shall make the garnishee a reasonable allowance for his trouble and expense in answering; but, this proceeding is not an action within the meaning of section 2131 nor within the judicial meaning of the word.  Held, that plaintiff was not entitled to a jury to assess or allow the reasonable charges of the garnishee.

*Appeal from the Barry Circuit Court.*—HON. J. C.
LAMSON, Judge.

AFFIRMED.

A. W. LYON and PEPPER & STEELE for appellant.

The trial court erred in refusing to call a jury, at the
request of plaintiff, to pass on the issues of fact. While there
were no issues made up by proper pleadings, yet the issue,
arising from the testimony, was "for the recovery of money;"
such an issue must be tried by a jury. R. S. 1889, sec. 213 l.
It is very clear that the plaintiff was entitled to a jury trial
in the assessment of expenses and the value of reasonable
attorney's fees; and section 5239, Revised Statutes 1889,
does not deprive plaintiff of the right to call for a jury,
though it provides that "the court shall render judgment,
etc." The constitutional right to a trial by a jury, is im-
plied in all cases in which an issue of fact in an action for the
recovery of money only is involved, whether the right or
liability is one at common law, or is one created by statute.
Briggs v. Railroad, 111 Mo. 168. It has been expressly held
that the legal charges of a garnishee are to be passed on and
ascertained by a jury, unless waived. Com. Co. v. Estep, 63
Mo. App. 540.

No brief filed for respondent.

BLAND, P. J.—Plaintiff obtained judgment against the
defendant in the circuit court of Barry county at the April
term, 1897. In June following, it had execution issued on
said judgment, directed to the sheriff of Barry county. The
sheriff duly summoned the garnishee herein, who appeared in
due course in the circuit court of Barry county at the Oc-
tober term, 1897, and, to the interrogatories filed by plain-
tiff, answered that he owed the defendant nothing; also

denied that the court had jurisdiction of the person or subject-matter in controversy. Plaintiff denied the answer, and thereupon the garnishee filed a motion to be discharged because the denial of plaintiff was insufficient to raise a triable issue, which was by the court, at the April term, 1898, sustained, and the garnishee discharged.

At a subsequent day of the said April term, the court, without any further pleading or motion, making up an issue as to the legal charges of the garnishee, and without calling a jury which was requested by plaintiff, heard testimony as to the time, expenses and attorneys' fees of the garnishee, and allowed him $104 for expenses and attorneys' fees, from which judgment plaintiff appealed, and contends here that it was entitled to a jury to assess attorneys' fee and allowance to garnishee.

In providing for trial by jury the constitutions of the various states use different phrases of description; in ours the phrase "shall remain inviolate" is used, which means that it shall be construed as known and used before; the right is not conferred, but is preserved by the constitution, and the right is confined to those classes of cases only in which it was known before. Stilwell v. Kellog, 14 Wis. 462; Koppihus v. State Capitol, 16 Cal. 248; Whitehurst v. Coleen, 53 Ill. 247; Whallan v. Bancroft, 4 Minn. 109; Railroad, v. Heath, 9 Ind. 558; Byers v. Corn, 42 Pa. 89; McBride v. Stadley, 103 Ind. 465; Seeley v. Bridgeport, 53 Conn. 1; Adler v. Whitebeck, 44 Ohio St. 539; Dane & Co. v. Danning, 20 Wis. 210; Backus v. Lebanon, 11 N. H. 19; Byers v. Commonwealth, 47 Pa. St. 89; Sands v. Kimback, 27 N. Y. 147; Railroad v. Basket, 26 Tex. 588. It does not mean that there shall be a jury in all cases. Railroad v. Foster, 5 Ga. 194; Kimball v. Conner, 3 Kan. 432; Wong v. Astoria, 13 Ore. 588. That it applies only to common law actions in which issues of fact are joined was held in Plimpton v. Somerset, 33 Vt. 283; Edwards v. Elliott, 36 N. J. L. 449; Livingston v. Moore, 32 U. S. 7 Pet. 552; Grim v. Norris, 19 Cal. 140.

It was said by the supreme court of South Carolina in City Council v. O'Donnell, 29 S. C. 355 (s. c., 13 Am. S. R. 728), "these general constitutional provisions securing the right of trial by jury are to be read in the light of the law existing at the adoption of the constitution. They were not designed to extend the right of trial by jury, but simply to secure the right as it then existed." This doctrine has been applied in many tribunals, such as courts of equity, ordinary courts, martial and justices of the peace courts, in which the right of trial by jury never was recognized independent of a statute conferring it, and in police courts for violation of city ordinances. Instances are frequent in which a court of equity decrees the payment of money, yet it is well settled law that because a money judgment may be rendered in an equity suit, it does not follow that the parties are entitled to a jury trial if the damages were connected with a transaction over which a court of equity has jurisdiction. Pomeroy's Eq. Jur., sec. 181; Cogswell v. Railroad, 105 N. Y. 319; Parker v. Doe, 2 Ch. Cases, 201; Van Rensselaer v. Van Rensselaer, 113 N. Y. 207; Lynch v. Railway, 129 N. Y. 274; Woodard v. Mastin, 106 Mo. 324; Corby v. Bean, 44 Mo. 379; Lackland v. Smith, 5 Mo. App. 153; Glenn v. Ins. Co., 29 Mo. App. 666.

Section 2131 (R. S. 1889) of the practice act, which provides that "an issue of fact in actions for the recovery of money only, or of specific real or personal property, must be tried by a jury," unless waived or the cause be referred, is merely declaratory of the common law, and is simply an exponent of the constitutional provision concerning right of trial by jury. Section 5238 of the garnishment act provides that the court shall make the garnishee a reasonable allowance for his trouble and expense in answering. * * * The ordinary practice is to call the attention of the court to a performance of this statutory duty by motion. The opposite party, or the party to the suit whose right may be affected by the

GARNISHEE: practice.

allowance, has a right to be heard in opposition to the amount of the allowance claimed or to any allowance, and testimony is usually heard on disputed or controverted questions growing out of the application for allowance. This proceeding is not an action within the meaning of section 2131, *supra*, nor within the judicial meaning of the word. Lord Coke defines action to be "the form of a suit given by law for the recovery of that which is one's due, the lawful demand of one's right." Co. Litt. 285. Blackstone defines action as "the means by which men litigate with each other." 3 Black. Com. 117. In Bridge v. Bennett, 23 Me. 420-425, the supreme court of Maine defined action to be "the legal demand of a right, without regard to the form of the proceedings by which such right may be enforced." In matter of Hunter, 6 Ohio, 499, the court said: "Action may be defined as an abstract legal right in one person to prosecute another in a court of justice." In Dodier v. Davidson, 10 Paige Ch. 515, the court held that under the New York Revised Statutes, "action generally designates a suit at law;" and in People v. County Judges of Rensselaer, 13 How. Pr. 398, that, "action as defined in the New York code includes any judicial proceeding which if conducted to a termination will result in a judgment." In State v. Hoeffner, 124 Mo. 488, our supreme court defined action, "as a legal prosecution in a proper court by a party complainant against a party defendant to obtain the judgment of such court in relation to some right claimed to be secured or some remedy claimed to be given by law to the party complaining." According to none of the foregoing definitions is the proceeding under section 5238, *supra*, an action. The garnishee files no pleading complaining that he has been deprived of a legal right by any one; he makes no one a party defendant; he does not ask that a judgment in his favor be entered against any one; he merely says, I have obeyed the process of the court and as garnishee have answered all the interrogatories

propounded to me; in thus complying with the order of the court I have been put to trouble and expense, for which I ask the court to make me a reasonable allowance, to be paid as authorized by the statute, which may be done either by permitting the garnishee to retain funds in his hands, or by taxing the allowance against the execution or attaching creditor as costs.    As to his claim for allowance he is not a party to the suit in which he has been garnished; he does not claim that either party has denied him of any legal right which he asks to be litigated, nor does he seek to prosecute any claim against either party to a money judgment; his position is analogous to that of a witness who comes into court and by motion prays the court to allow and tax his fees as such. Garnishment was unknown to the common law; it had its origin in the custom of London.    With us it is purely a creature of the statute and the procedure is governed solely by the statute creating the right and granting the remedy, and hence the right of trial by jury in this proceeding is not protected by the constitution any further than it was secured by statutes in force at the date of the adoption of that instrument.    The allowance to a garnishee for expenses and trouble was not so secured.

In Briggs v. Railway, 111 Mo. 168, it was held that under a statute allowing the owner of certain stock injured or killed by a railway company, when compelled to bring suit for the loss, a reasonable attorney's fee to be taxed as costs, the attorney fee was properly an issue to be tried by jury, for the reason that the fee was allowed as punitive damages imposed as a punishment for willful disregard of the statute by the railway company.    It may be further said that complaints based on this statute should, and usually do ask for the attorney's fee as and for additional and exemplary damages, and the allowance of the attorney's fee is submitted with the other issues in the cause.    The Kansas City Court of Appeals in Commission Co. v. Estep, 63 Mo.

App. loc. cit. 547, make the Briggs case do service to support the enunciation of that court, that the allowance of a garnishee for expense and trouble in answering should be submitted to a jury on issues to be made up. The Briggs case furnishes no support to the position, and its scope must have been misconceived by the learned judge who wrote the opinion. The practice and the understanding of the profession has always been that this allowance should be made by the court under whose supervision the garnishment proceedings are had, and who is from its very position possessed with most, if not all, of the facts necessary to be known in order to make a proper allowance. This practice has also received the support of the appellate courts of this state (Wolff v. Bank, 10 Mo. App. 586; Steele v. Thompson, 38 Mo. App. 312; Bain v. Chrisman, 27 Mo. 293; Ellison v. Ralston, 19 Mo. App. 537). And the allowance is largely in the discretion of the court where the proceeding is had (Tombs v. Moore, 64 Mo. App. 667; Hansard v. Ins. Co., 62 Mo. App. 146; McQuarry v. Geyer, 57 Mo. App. 213; Wolff v. Bank, *supra*), if in the discretion of the court that discretion can not be delegated to a jury.

Our conclusion is that plaintiff was not entitled to a jury to assess or allow the reasonable charges of the garnishee for his trouble and expenses, and we affirm the judgment. All concur.