(15 App. Div. 469.)

FERNANDEZ et al. v. FERNANDEZ et al.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

PLEADING—SINGLE CAUSE OF ACTION—EQUITABLE RELIEF.

A complaint against an executor and another alleged that a former executor had committed a devastavit, and had made restitution by procuring a mortgage to be given on a plantation in Cuba; that such mortgage was substantially all the estate; that defendant executor fraudulently and collusively prevented foreclosure, and agreed with the mortgagor, his co-defendant, to extend the time of payment for a period stated to be for the "harvesting of eight crops"; and that the instrument provided for no guaranty by the mortgagor, but stated that he might surrender the land if the improvements should be destroyed. The prayer for judgment was for an account by the executor of the property in his hands, that he furnish a bond for the safe-keeping of the property, that the agreement extending the mortgage be canceled, and that defendants be enjoined from further injuring the estate. *Held*, that the complaint stated but one cause of action.

Appeal from special term, New York county.

Action by Andrew L. Fernandez and others, infants, by John B. Cole, their guardian ad litem, against Jose M. Fernandez and Andrew Fernandez, individually and as executors of the will of Robert Fernandez, deceased, and Jose Lezama. From an interlocutory judgment overruling a demurrer to the complaint, defendant Jose M. Fernandez appeals. Affirmed.

The prayer for judgment was as follows:

(1) That the defendant Jose M. Fernandez join with his co-executor, Andrew Fernandez, in rendering an accounting of the property, goods, and credits and estate coming into their hands as executors of Robert Fernandez, deceased. (2) That the defendant Jose M. Fernandez furnish a bond to the said plaintiffs, or other adequate security, for the safe-keeping of said property so intrusted to said executors during their life, and for the proper investment thereof, to insure the proper forthcoming of said property when the plaintiffs shall become entitled to the same; or, in the event that said mortgage security shall have been reduced, impaired, or destroyed, that the said defendant Jose M. Fernandez account, and be adjudged liable for the difference or depreciation in value or loss in said mortgage security caused by his aforesaid acts. (3) That the instrument purporting to be an extension of the aforesaid mortgage made between the defendants Jose M. Fernandez and Jose Lezama be canceled, and delivered up, and that an injunction be granted restraining the said defendant Jose M. Fernandez and the defendant Jose Lezama from further wasting, endangering, and interfering with and converting the said estate to the injury of the plaintiffs. And (4) that the plaintiffs may have such other or further relief in the premises as to the court may seem equitable, with costs.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Benjamin N. Cardozo, for appellant.
Henry Brill, for respondents.

PATTERSON, J.    This appeal is from an interlocutory judgment overruling the demurrer of the defendant Jose M. Fernandez, individually and as executor, etc., of Robert Fernandez, deceased, to the complaint herein.    There were three grounds of demurrer assigned: First, that the court has no jurisdiction of the subject of the action; second, that the complaint does not state facts sufficient to constitute a cause of action;  third, that two or more causes of action are improperly united.    The first ground of demurrer is manifestly not well taken, and requires no consideration.    As to the second ground, it is sufficient to say that the complaint does state facts sufficient to entitle the plaintiffs to some relief in this action, as will appear from an analysis hereinafter made in connection with the consideration of the third ground of demurrer.

The specifications of that third ground of demurrer are that there are united in the complaint—First, a cause of action against the demurring defendant and Andrew Fernandez for an account of the property, goods, and credits coming into their hands as executors of the will of Robert Fernandez, deceased;  second, an alleged cause of action against those defendants, requiring them to furnish a bond to the plaintiffs, or other adequate security, for the safe-keeping of the property intrusted to them as executors, etc., of Robert Fernandez, deceased;  third, an alleged cause of action making the demurring defendant liable for any loss occasioned by him to the estate.    These three specifications are constructed from the prayer for relief contained in the complaint.    An independent cause of action as to each is not set up, as to which independent cause of action one item of relief alone would be applicable, but the facts alleged in the complaint are set forth as constituting a single cause of action, and are pleaded in such a way that either or all of the several kinds of relief prayed for may be awarded, according to the facts as they will be made to appear at the trial, or as they would stand confessed without answer.    The fourth specification of the third ground of demurrer is that an alleged cause of action against the demurring defendant and the defendant Jose Lezama to cancel and set aside a certain instrument purporting to be an extension of a mortgage referred to in the complaint, and to enjoin the demurring defendant and Lozama from wasting, endangering, or interfering with the estate to the injury of the plaintiffs, is improperly joined with others.    As before observed, an analysis of the allegation of the complaint shows that there is but a single cause of action, and that the prayer for relief is molded in such a way that the court may make such a decree as would protect the rights of the plaintiffs against all or either of the defendants with respect to the one single subject-matter of the suit, and that subject-matter is the protection or preservation of the property and assets of the estate of Robert Fernandez, deceased, in the hands of his executors, in which property and assets the plaintiffs are interested as remainder-men.

The real purpose of the action is not to procure an account and distribution of assets in the hands of the executors, but to invoke the power of a court of equity to interfere for the protection of the plaintiffs, and to prevent the executor and a debtor of the estate, alleged to be in collusion with the executor, from despoiling the estate. The jurisdiction the court has comes under the ordinary authority of a court of equity to protect beneficiaries of a trust against persons wrongfully and fraudulently dealing with the trust estate. That is a jurisdiction which cannot be exercised by the surrogate, for it does not pertain to him, but is vested in the supreme court alone. As this complaint is drawn, the singleness of the cause of action appears from its material averments. After stating the relations of the parties, and certain matters of inducement which lead up to the main motive of the suit, the plaintiffs allege that Robert Fernandez died, leaving a last will and testament, of which one Peter V. Fernandez was made an executor, and that such executor received assets of great value, all of which were situated in the city of New York. Peter V. Fernandez had the custody of those assets. The defendants Jose M. Fernandez and Andrew Fernandez were also executors of the will of Robert Fernandez. They lived in Havana, Cuba, and had no part in the devastavit committed by their co-executor. They compelled him to make restitution to the estate, and received from him a mortgage made by one Peter L. Fernandez upon a plantation in Cuba to secure the sum of $108,-564. In 1895 that mortgage and a few bonds of comparatively small value constituted the whole assets of the estate of Robert Fernandez in the hands of the executors who then were the defendant, Jose M. Fernandez and Andrew Fernandez. As against the latter, no wrong is charged, but he is made a party simply in his representative capacity. In the fall of 1895, the $108,564 mortgage being past due, Andrew Fernandez, as executor, undertook to realize the amount of it, in order that the same might be remitted to the state of New York to be invested. He took steps to foreclose that mortgage in Cuba by instituting a suit for foreclosure, which suit could not be maintained because of a provision of the Spanish law which prevents one of two or more executors separately suing to foreclose a mortgage. Jose M. Fernandez would not join in the action in Cuba, but neglected and refused to do so, and subsequently, and in June, 1896, Jose M. Fernandez, of his own motion, according to the allegations of the complaint, entered into an agreement with Jose Lezama, the present owner of the Cuban plantation upon which the mortgage was given, whereby Jose M. Fernandez, assuming to act as executor, and in consideration of a gross sum to be paid to him annually by Lezama in lieu of interest on the mortgage, extended the time of payment of the principal sum of the mortgage for a period stated to be for the "harvesting of eight crops," which is alleged to be, in effect, an extension for an indefinite period, for the reason that the standard for each crop in the agreement is fixed at a larger quantity of product than has heretofore been raised upon the plantation in any one crop. That instrument makes no provision for a guaranty on the part of Lezama of the

amount of the mortgage, but expressly provides that if at any time the improvements on the plantation are destroyed or burned, he may surrender the lands to the defendant executors, without being liable under the terms of the mortgage or extension. It is charged in the complaint that that agreement is fraudulent and collusive; was made by Jose M. Fernandez for the purpose of obtaining a personal benefit or gain to himself, and to the irreparable injury of the plaintiffs, their rights and inheritance, and that their property is put in imminent peril; that the property consists of the plantation with very valuable buildings and machinery, with railways and appurtenances; that it is situated in a country now in insurrection, and is liable to be devastated and wasted, and the interests of the plaintiffs entirely destroyed. The complaint then alleges that the plaintiffs will suffer irreparable injury unless they have relief in a court of equity; that they have no adequate remedy at law, and that there is no way, in an action or otherwise in the surrogate's court, to furnish them relief, and that they cannot obtain it in the courts of Cuba.

The foregoing is a synopsis of all the material allegations of the complaint, and from it it is obvious that a court of equity has power and jurisdiction to afford some relief. The real matter in controversy relates to the transaction between Jose M. Fernandez, as executor, and Lezama. All that is to be criticised in the complaint is the prayer for relief. Too much may be asked, but that does not make the complaint multifarious, nor divisible into different causes of action. The court may, upon the facts, decree that the transaction between Jose M. Fernandez as executor and Lezama was fraudulent and void, and that the instrument of extension should be canceled. It may also decree that the executor, Jose M. Fernandez, in case the instrument is one obligatory upon the estate, should give security for any loss that may occur to the estate by reason of the agreement; and, in order that such security may be given, it may become necessary, as incidental to the main purpose of the complaint, that he should be made to account for his dealings generally with the estate. It is also competent for the court to decree that he be removed as executor, and in consequence account for his wrongful dealing with the mortgage. As said before, the main purpose of the suit is to procure the cancellation of the agreement extending the mortgage, and the other relief asked for is only appropriate as incidental to that main relief which the court may, upon an examination of the whole case, find it necessary to grant to protect the plaintiff's rights.

The demurrer was properly overruled, and the interlocutory judgment appealed from should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who concurs in result.