1836.

The Attorney
General
v.
The Cohoes
Company.

## The Attorney General *vs.* The Cohoes Company.

Where the C. C. without authority or licence from the canal commissioners, commenced cutting through the embarkment of the Erie canal, with the a-vowed intention of drawing water therefrom for the supply of mills, and the superintendant attested to an information, which alleged that the embank-ment was a necessary work to maintain the elevation of the water in the ca-nal, and that the contemplated encroachment might deprive the canal of its necessary supply of water ; and the answer of the C. C., put in under oath, admitted the encroachment but denied that it would deprive the canal of its necessary supply of water ; a motion to dissolve the injunction restraining the defendants from making such encroachment was denied.

Chancery has jurisdiction to restrain any purpresture, or unauthorized appro-priation of the public property to private uses, which may amount to a public nuisance or may injuriously affect or endanger the public interest ; and where public officers who have charge of public works, believe that a contemplated encroachment will prove injurious to such works, private persons should not be permitted to make such encroachment contrary to law, upon a mere opinion although supported by oath that the encroach-ment would not be injurious to the public.

This was an application to dissolve an injunction restrain-ing a purpresture, or an unauthorized appropriation of the embankment and waters of the Erie and Champlain canals near their junction at the Cohoes. The information, which was sworn to by the superintendant of that part of the ca-nal, stated that the embankment in question, which was con-nected with the dam across the Mohawk river, was a ne-cessary work to maintain the elevation of the water in the canal and the pond above the dam ; that the Cohoes com-pany, by its agents and workmen had entered upon the em-bankment and lands belonging to the people of the state, forming a part of canals, without authority or licence of the canal commissioners, and contrary to law, and had com-menced tearing away a part of the slope wall and embank-ment, with the avowed determination to cut through the embankment for the purpose of drawing water from the canal for the supply of mills erecting by the Cohoes compa-ny below such embankment ; and that if the defendants were not restrained from proceeding in the alleged encroachment

<span style="float:right">August 2.</span>

the canals might be deprived of their necessary supply of water, so that the trade thereon might be greatly impeded and possibly totally interrupted. The answer of the Cohoes company, which was sworn to by its agent admitted the entry upon the embankment of the canal for the object stated in the bill; but it denied that the intended appropriation of the embankment and of the waters of the canal would have interrupted or impeded the navigation of the canals, or deprived them of their necessary supply of water. The answer also stated various matters, not responsive to the information, for the purpose of showing a right to the use of the surplus waters of the dam.

*S. Beardsley*, Attorney General.

*J. A. Spencer*, for the defendant.

THE CHANCELLOR. The fact is not denied by the answer, that the embankment in question is a part of the Erie and Champlain canals, and as such belongs to the people of the state. The question is not properly presented in this stage of the suit whether the several matters set up in the answer by way of avoidance, form any defence to the suit. The matters thus set up are not strictly responsive to the information; and even if they were they are not sworn to in such a manner as to authorize a dissolution of the injunction thereon without further proof, or until the Attorney General has had an opportunity to introduce proofs on the part of the state. A mere denial upon information and belief is not sufficient to authorize a dissolution of an injunction which is sustained by the allegations in the bill. (2 *Robin. Pr.* 243 *and cases there referred to.*) The answer in this case is sworn to by the agent of the company, who swears to his belief merely, but does not pretend that he has any knowledge as to these matters. The decision of the questions arising upon this part of the answer must be postponed until the hearing, when all the facts will be properly before the court by the testimony in the suit.

As the case now stands it would not be proper to permit the defendants to proceed and make an opening in the ca-

nal embankment, for the purpose of taking any part of the water therefrom, without the consent, and contrary to the wishes of those officers of the state; who have, by law, been specially entrusted and charged with the duty of protecting and preserving these canals, and the uninterrupted use thereof, for the public. This court has jurisdiction to restrain any purpresture or unauthorized appropriation of the public property to private uses, which may amount to a public nuisance or may injuriously affect or endanger the public interest. And where the officers entrusted with the protection of such public interests, acting under the sanction of their official oaths, believe the intended encroachment will prove injurious to the navigation of the canals, private persons should not be permitted to interfere with the waters or embankments of the canals contrary to law, upon a mere opinion, although under the sanction of an oath, that the intended trespass upon the public rights would not be an injury to the public. Lord Eldon proceeded on this principle in refusing to dissolve an injunction restraining a purpresture in the Thames river, by Earl Grosvenor and others, although there were affidavits on the part of the defendants that the public would not be injured by the intended encroachment; the proper officer of the crown having examined the case and expressed his opinion that the relator was entitled to the assistance of the Attorney General in preventing such encroachment. (*The Attorney General* v. *Johnson and others* 2 *Wils. Ch. Rep.* 87.)

The injunction in this case must therefore be retained until the hearing.