ELIZABETH R. COGSWELL, Respondent, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

Where a party elects to bring an action for both legal and equitable relief in respect to the same cause of action, the case is not one of right, triable by jury; but by such election he submits to have the issues tried by the court, alone or with the aid of a jury, as the court in its discretion may determine, according to the practice in equity cases.

An equitable action to restrain the continuance of a nuisance, or an action for a nuisance, in which equitable relief is also demanded, is not an action for a nuisance within the meaning of the provision of the Code of Civil Procedure (§ 968), which declares that such an action must be tried by a jury. (§ 1660.)

Accordingly *held,* where the complaint in an action asked judgment for damages and for an abatement of an alleged nuisance, and also for an injunction restraining a continuance of the nuisance, that plaintiff was not of right entitled to a jury trial.

(Argued March 15, 1887; decided April 19, 1887.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made December 28, 1886, which affirmed an order of Special Term granted on motion of the plaintiff, awarding and settling the issues herein to be tried by a jury. The order was made, as stated therein, " on the ground that a trial by jury is a matter of right in this action."

The nature of the action is stated in the opinion.

*Henry H. Anderson* for appellant. Having once moved the trial of the action without a jury, or having once failed to claim a jury trial, before the production of evidence, the right of plaintiff to a trial by jury has been waived. (Code of Civ-

Pro., § 1009.) Plaintiff was not of right entitled to a jury trial. (Code of Civ. Pro., §§ 968–972 ; *Hudson* v. *Caryl*, 44 N. Y. 553, 554.) It is the intention of the Code that in such a case the trial should be proceeded with at Special Term and if the issues to be tried turn out to be such as require a trial by jury, the court then will determine the questions of fact or the issues to be sent for trial. (*Wheelock* v. *Lee*, 74 N. Y 495 ; *Hammond* v. *Morgan*, 101 id. 179.)

*Lewis Johnston* for respondent. In an action for a nuisance a jury trial must be had, unless waived. (Code Civ. Pro., § 968.) The nature of the action is such that either party has the constitutional right to have the question of whether or not the grievance complained of is a private nuisance, and the damage sustained thereby decided by a jury. (*Hudson* v. *Caryll*, 44 N. Y. 553 ; *People* v. *Met. Tel. Co.*, 31 Hun, 597, 600 ; *Davison* v. *Associates of the Ferry Co.*, 71 N. Y. 333.) The judge at Special Term having made the order appealed from recite that trial by jury is a matter of right, the order must stand or fall upon that theory and not as of discretion. (*Dorr* v. *Granville Gas-Light Co.*, 18 Hun, 274 ; *Brady* v. *Cochran*, 23 id. 274 ; *Ward* v. *Plato*, id. 402 ; *Davis* v. *Morris*, 36 N. Y. 569–572.)

Andrews, J The complaint demands both legal and equitable relief. It prays judgment for damages and an abatement of the nuisance complained of, and also for an injunction restraining the defendant from continuing the nuisance and from permitting its lands to be used for the purpose of carrying on any operation thereon which shall injure the plaintiff in the enjoyment of her property. The remedy for damages and for the abatement of a private nuisance, could at common law be obtained in a legal action, technically known as an assise of nuisance. It was a part of the judgment that the nuisance be abated. (3 Black. Com. 220 ; *Waggoner* v. *Jermaine*, 3 Den. 306.) The legal remedy by writ of nuisance for the recovery of damages and an abatement of the nuisance, was retained

by the Revised Statutes (2 R. S. 332), and though the pro-
ceeding by writ of nuisance has been abolished, the same
relief may be now had in an ordinary civil action under
the Code. (Code Pro. § 454; Code Civ. Pro. § 1662.)
It was held in *Hudson* v. *Caryll* (44 N. Y. 553, 554), that
as by the common law an action for damages and for the
abatement of a nuisance was triable by jury, the defendant
could not be deprived of the right to a jury trial upon these
issues, although the plaintiff in his complaint also demanded
equitable relief.   In the present case the plaintiff is the party
insisting upon the right to a jury trial, notwithstanding the
fact that she framed her action asking, not simply the
relief which could be obtained by a writ of nuisance at
common law, but also relief by injunction, which a court
of law was not competent to grant.   The constitution
(§ 2, art. 1) secures to a party the right to a jury trial in all
cases where before its adoption this mode of trial was used.
This is not a case which as a whole, and in both aspects was
triable by jury at the adoption of the Constitution, nor is it
one where, under the present system, the plaintiff is compelled
to unite her claims for both equitable and legal relief in the
same action.   Rights may be waived, or a party may by his
own act preclude himself from asserting them.   We think it
is a reasonable rule and one in consonance with the authorities,
that where a plaintiff brings an action for both legal and
equitable relief in respect to the same cause of action the
case presented is not one of right triable by jury under the
Constitution, and that the plaintiff, by such election, submits
to have the issues tried by the court, or by the court with the aid
of a jury, as the court in its discretion may determine, according
to the practice in equity cases. (See *Davison* v. *Associates
of the Ferry Co.*, 71 N. Y. 333: *N. Y. & N. H. R. R. Co.* v.
*Schuyler*, 34 id. 30, 46; *Baird* v. *Mayor, etc.*, 74 id. 382.)
This is not, we think, an action for a nuisance within
section 968 of the Code of Civil Procedure.   The action of
nuisance is mentioned in the section together with other

common law actions, all of which must, the section declares, be tried by jury, unless a jury is waived or a reference is directed. Reading the section in connection with section 1660, it is clear, we think, that an equitable action to restrain the continuance of a nuisance demanded is not action for nuisance within section 968.

This leads to a reversal of the orders of the Special and General Terms, but as the courts below decided the motion on the question of power solely, the case should be remitted to the Special Term for the exercise of its discretion.

All concur.

Ordered accordingly.