The complaint demands both legal and equitable relief. It prays judgment for damages and an abatement of the nuisance complained of, and also for an injunction restraining the defendant from continuing the nuisance and from permitting its lands to be used for the purpose of carrying on any operation thereon which shall injure the plaintiff in the enjoyment of her property, The remedy for damages and for the abatement of a private nuisance, could at common law be obtained in a legal action, technically known as an assise of nuisance. It was a part of the judgment that the nuisance be abated. (3 Black Com. 220; Waggoner v. Jermaine,
3 Den. 306.) The legal remedy by writ of nuisance for the recovery of damages and an abatement of the nuisance, was retained *Page 321 
by the Revised Statutes (2 R.S. 332), and though the proceeding by writ of nuisance has been abolished, the same relief may be now had in an ordinary civil action under the Code. (Code Pro. § 454; Code Civ. Pro. § 1662.) It was held in Hudson v. Caryll
(44 N.Y. 553, 554), that as by the common law an action for damages and for the abatement of a nuisance was triable by jury, the defendant could not be deprived of the right to a jury trial upon these issues, although the plaintiff in his complaint also demanded equitable relief. In the present case the plaintiff is the party insisting upon the right to a jury trial, notwithstanding the fact that she framed her action asking, not simply the relief which could be obtained by a writ of nuisance at common law, but also relief by injunction, which a court of law was not competent to grant. The constitution (§ 2, art. 1) secures to a party the right to a jury trial in all cases where before its adoption this mode of trial was used. This is not a case which as a whole, and in both aspects was triable by jury at the adoption of the Constitution, nor is it one where, under the present system, the plaintiff is compelled to unite her claims for both equitable and legal relief in the same action. Rights may be waived, or a party may by his own act preclude himself from asserting them. We think it is a reasonable rule and one in consonance with the authorities, that where a plaintiff brings an action for both legal and equitable relief in respect to the same cause of action the case presented is not one of right triable by jury under the Constitution, and that the plaintiff, by such election, submits to have the issues tried by the court, or by the court with the aid of a jury, as the court in its discretion may determine, according to the practice in equity cases. (SeeDavison v. Associates of the Ferry Co., 71 N.Y. 333: N.Y. N.H.R.R. Co. v. Schuyler, 34 id. 30, 46; Baird v. Mayor,etc., 74 id. 382.) This is not, we think, an action for a nuisance within section 968 of the Code of Civil Procedure. The action of nuisance is mentioned in the section together with other *Page 322 
common law actions, all of which must, the section declares, be tried by jury, unless a jury is waived or a reference is directed. Reading the section in connection with section 1660, it is clear, we think, that an equitable action to restrain the continuance of a nuisance demanded is not action for nuisance within section 968.
This leads to a reversal of the orders of the Special and General Terms, but as the courts below decided the motion on the question of power solely, the case should be remitted to the Special Term for the exercise of its discretion.
All concur.
Ordered accordingly.