Per Curiam.
It is claimed by the learned counsel for the appellant that the plaintiff did not show title to the land, appurtenant easements to which have been taken, as the complaint charges. The supposed defects in the title, as claimed, arise from the non-compliance with certain of the provisions of the will of one Hoyt, from whom the title comes.
If the land is a part of a share, described in the will, which was to be set off to the trustee for the mother of the present plaintiff for her life, then under the will the plaintiff took the remainder in fee at her death. This setting off was accomplished by the partition suit, to which all persons who could question plaintiff’s title to the land were parties. These parties having received in lieu of undivided interests the whole of the fee of the other parcels of land cannot claim that they have an undivided interest in the land conveyed by the referee to Hoyt as trustee for plaintiff’s mother. The mother having died, the legal estate of the trustee then ceased.
The defendants have not a right to a jury trial in this case as the action is for equitable relief. “ Where *216 a plaintiff brings an action for both legal and equitable relief in respect of the same cause of action, the case presented is not one of right triable by jury under the constitution, Cogswell v. N. Y., N. H. & H. R. R. Co., 105 N. Y. 319.
Judgment affirméd, with costs.