(7 App. Div. 317)

## GOLDSCHMIDT v. NEW YORK STEAM CO.

(Supreme Court, Appellate Division, First Department.   June 29, 1896.)

JURY TRIAL—RIGHT TO—NUISANCE.

A complaint alleged that defendants' works, used in supplying steam to various customers, were located near a house owned by plaintiff, that defendants' operations were so negligently conducted as to constitute a nuisance by tainting the air, and the manner in which the injury was occasioned to plaintiff's premises was specified. The complaint also alleged that plaintiff did not have an adequate remedy at law. The relief prayed for was that defendant be enjoined from operating its works in any manner so as to produce the effects complained of, and that plaintiff recover damages already sustained. *Held*, that the action was not for a nuisance within Code Civ. Proc. § 968, which provides that in an action for a nuisance an issue of fact must be tried by a jury, as section 1660, providing that an action for a nuisance may be maintained in any case where such action might have been maintained under the laws in force immediately before the Code took effect, refers only to the common-law action of nuisance, which was either for damages or to abate the nuisance.

Appeal from special term, New York county.

Action by Georgette Goldschmidt against the New York Steam Company. From an order denying a motion to strike the cause from the special term calendar, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James W. Hawes, for appellant.

Charles Steele, for respondent.

PATTERSON, J.   This action was placed upon the calendar of the special term of this court.   The defendant moved to strike it from that calendar, that it might be remitted to the calendar for the trial of jury issues.   The motion was denied, and, from the order entered thereupon, this appeal is taken.

The defendant is a corporation organized under and by virtue of the laws of the state of New York, and is engaged in the business of supplying steam to various customers in the city of New York, who use such steam for the purposes of heating, cooking, and motive power in dwelling houses or in other buildings in that city.   In the conduct of its business, the defendant uses an extensive plant, apparatus, and appliances for generating such steam, and among the appliances thus used are boilers, furnaces, and chimneys.   The defendant's works are located quite near a house in the city of New York owned by the plaintiff, and it is alleged in the complaint that the operations of the defendant are so negligently or improperly conducted and carried on as to constitute a nuisance near the premises of the plaintiff, greatly diminishing their value and the enjoyment thereof by the occupant, and that in the conduct of its business at the works, and with the apparatus and appliances referred to, the defendant causes and suffers large quantities of steam, ashes, coal dust, cinders, and soot to escape from its works, thereby corrupting and tainting the air, making it noxious and disagreeable and injurious to the health of the inhabitants of the neighborhood.   The complaint also contains spe-

cific charges or the manner in which injury is occasioned both to the exterior and interior of the plaintiff's premises, and to the household furniture and effects contained therein; and various other matters are stated in the complaint which, if true, establish that the defendant's works are not only negligently conducted, but that, in their operation, they are, in and of themselves, a nuisance. The relief prayed for is that the defendant and its officers, etc., be forever enjoined and restrained from operating and conducting its said works, or using the premises upon which those works are situated, in any manner so as to produce the effects complained of, and that the plaintiff recover damages already sustained, in an amount claimed. The complaint also contains allegations that by reason of the continuing character of the wrong perpetrated by the defendant in the use of its works, or by the maintenance of the nuisance, an adequate remedy at law does not exist. Issue was joined upon this complaint, and the cause, being ripe for trial, was put on the special term calendar.

The defendant insists that it is, as of right, entitled to a trial by jury, inasmuch as the action is for a nuisance, and, being such, the Code of Civil Procedure provides that there must be a trial by jury. The section of the Code relied upon is as follows:

"Sec. 968. In each of the following actions, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is directed: First, an action in which a complaint demands a judgment for a sum of money only; second, an action of ejectment; for dower; for waste; for a nuisance; or to recover a chattel."

The point to be determined on this motion is whether the action is for a nuisance. In the disposition made of it in the court below, the learned judge held it was not; and in this view of the case we concur.

Section 1660 of the Code of Civil Procedure provides for actions for a nuisance in the following words:

"An action for a nuisance may be maintained in any case where such an action might have been maintained under the laws in force immediately before this act takes effect."

What is referred to in this section, we think, is the common-law action of nuisance,—either an action on the case for damages, or an action to abate a nuisance. But this present action is not brought exclusively to accomplish either of those purposes. It is in analogy with, and we think is to be governed by what was held in, the case of Cogswell v. Railroad Co., 105 N. Y. 319, 11 N. E. 518. It is true that in that case the question arose upon an application made by the plaintiff for a trial by jury, on the ground that he was, as a matter of right, entitled to it, and that it was held that facts were shown which deprived him of that right, and that he had waived it; but the nature of an action such as the present, in which a plaintiff seeks the relief of a permanent injunction to restrain the continuance of a wrong, which wrong happens to consist in the maintenance of a nuisance, was considered by the court of appeals, and sections 968 and 1660 were construed by that court, and an authoritative statement of their mean-

ing given. It was held that when brought in the form of this suit, and for similar relief to that now demanded, the action is not one for a nuisance, within the meaning of the Code. The court says in the case referred to:

"This is not, we think, an action for a nuisance, within section 968 of the Code of Civil Procedure. The action of nuisance is mentioned in the section together with other common-law actions, all of which must, the section declares, be tried by jury, unless a jury is waived or a reference is directed. Reading the section in connection with section 1660, it is clear, we think, that an equitable action to restrain the continuance of a nuisance [demanded] is not an action for nuisance, within section 968."

It is suggested that the case of Lefrois v. County of Monroe, 88 Hun, 109, 34 N. Y. Supp. 612, explains and shows the inapplicability of the Cogswell Case to the facts set forth in the complaint in the case at bar; but the opinion of the court in the Lefrois Case, in commenting upon the Cogswell Case, deals only with the question of waiver. It does not overthrow the authority of that case classifying an action such as this is as an equitable action, to be tried in the only way equitable actions can be tried; that is, by the court, without a jury. The authority of the Cogswell Case justified the decision of the court below, and is controlling upon us; and the order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.