(78 App. Div. 390.)

### MILLER et al. v. EDISON ELECTRIC ILLUMINATING CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   January 23, 1903.)

1. NUISANCE—REMEDIES—NATURE AND FORM—STATUTES.

Code Civ. Proc. § 968, provides that an action for a nuisance shall be tried by a jury, the same as an action of ejectment, dower, waste, or to recover a chattel. *Held*, that such section referred only to the "action for a nuisance" authorized by section 660, which provides that an action for a nuisance may be maintained in any case where such an action might have been maintained under previous laws, and did not apply to a suit in equity to restrain the maintenance of a nuisance and to recover past damages.

2. SAME—EQUITY JURISDICTION.

Equity has concurrent jurisdiction with courts of law over a nuisance.

Appeal from special term, New York county.

Suit by Eli D. Miller and another against the Edison Electric Illuminating Company of New York. From an order sending the issues to a jury for trial, and directing that the case be removed to the jury calendar, plaintiffs appeal. Reversed.

See 68 N. Y. Supp. 900; 73 N. Y. Supp. 376.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

F. M. Hardenbrook, for appellants.

H. J. Hemmens, for respondent.

PATTERSON, J. This action was brought for a perpetual injunction to restrain the defendant from using its property in such a way as to continue a nuisance caused by such use, and incidentally to recover past damages. Issue was joined, and thereupon the case was placed upon the special term or equity calendar for trial. Thereafter a motion was made by the defendant to remove the case from that calendar, and send it to be tried by a jury. The motion was granted, and from the order entered thereon this appeal is taken.

The question here involved was determined by this court in the case of Goldschmidt v. Steam Co., 7 App. Div. 320, 40 N. Y. Supp. 169, but it is now urged that what was there held has been substantially overruled by the decision of the court of appeals in the case of McNulty v. Light Co., 172 N. Y. 410, 65 N. E. 196. We do not regard that case as having that effect, notwithstanding some expressions in the opinion of the court, relied on by the respondent herein. That was a suit in equity for an injunction and damages. Before the case was brought to trial, the right of the plaintiff to injunctive relief had ceased, and there was nothing left but a simple action of trespass, or, on the case for damages. It had become purely and simply an action at law, which, as a matter of course, was to be tried by a jury. It was stated in the majority opinion in that case that when it was originally brought it was properly brought as a suit in equity. Here the action remains intact as one in equity. In the state of New York courts of equity have always had concurrent jurisdiction with courts of law in matters relating to a private nuisance, and might restrain such a nui-

sance by injunction. Olmsted v. Loomis, 6 Barb. 152; Fisk v. Wilber, 7 Barb. 395; City of Rochester v. Curtiss, Clarke, Ch. 336; Attorney General v. Cohoes, 6 Paige, 133, 29 Am. Dec. 755. A suit properly constituted as one in equity is not, and never was, one to which the constitutional provision with reference to a trial by jury could apply; and the provision of the Code of Civil Procedure contained in section 968, which requires an action "for a nuisance" to be tried by a jury, the same as an action of ejectment, dower, waste, or to recover a chattel, applies only to the "action for a nuisance," which is authorized by section 1660 of the Code of Civil Procedure, and that is purely a common-law action. It was so held in Cogswell v. Railroad Co., 105 N. Y. 319, 11 N. E. 518. Hudson v. Caryl, 44 N. Y. 553, was a common-law action; and in Lynch v. Railway Co., 129 N. Y. 286, 29 N. E. 318, 15 L. R. A. 287, 26 Am. St. Rep. 523, referring to the latter case, the court says that it "was an action to recover damages for the overflowing of plaintiff's lands, and to compel the removal of the dam, and the decision turned upon the ancient right to a jury trial in such an action of nuisance, which the Code had not affected. It was not an action in equity to restrain a nuisance, which, according to Judge Andrews' opinion in the Cogswell Case, supra, would not be an action for a nuisance directed by the Code to be tried by a jury." The general remarks of Gray, C., in Hudson v. Caryl, concerning the trial of actions in which two causes of action are joined, "one exclusively of legal and one exclusively of equitable cognizance, arising out of the same transaction, should, for an independent reason, have been tried by jury, and that is that the action, when brought for the double object of removing the nuisance and recovering damages caused thereby, was always tried by a jury," are declared in the Lynch Case to be obiter; and that they are so shown by the history of the action for nuisance. It was the common-law action that was always tried by a jury, and not the suit in equity. We do not understand the decision in the McNulty Case as going to the extent claimed for it, namely, that the distinction between the equitable and the legal cause of action is wiped out, and that, where the main relief demanded is an injunction, and damages are only incidental, the right to an injunction must be tried by a jury. The difficulty in this case is the failure to discriminate between a suit in equity of this character and an "action for a nuisance" regulated by the Code. That action is provided for in article 7 of chapter 14 of title 1 of the Code of Civil Procedure. It is strictly a common-law action. At the common law, "the remedy for an injury sustained by a private nuisance was an action on the case for damages, or by assize of nuisance, or by a writ of quod permittat prosternere. In the former action the party injured only recovered satisfaction for the injury, but could not thereby remove the nuisance. In the two latter, if the plaintiff prevailed, he not only recovered damages for the injuries sustained, but judgment that the nuisance be abated or removed." Waggoner v. Jermaine, 3 Denio, 310, 45 Am. Dec. 474. Although, in England, both the assize of nuisance and writ have been abolished by statute, the writ was retained in this state as "the writ of nuisance," and was regulated by 2 Rev. St. p. 332. By that statute the common-law

remedy of writ of nuisance was retained "as heretofore accustomed," subject to certain provisions not now material, and in the act it was provided that the judgment upon the writ of nuisance "in case the plaintiff shall prevail shall be as heretofore accustomed,—that the nuisance be removed, and that the plaintiff recover damages occasioned thereby." That statute remained in force until the adoption of the Code of Civil Procedure, by section 453 of which the "writ of nuisance" was abolished,. and by section 454 of which it was provided that "injuries heretofore remediable by writ of nuisance are subjects of action as other injuries, and in such action there may be judgment for damages, or for the removal of the nuisance, or for both." The proceedings by the writ were, therefore, changed into an action, and it has been declared that the action thus provided for is a substitute for the writ of nuisance (Ellsworth v. Putnam, 16 Barb. 565); and such actions have been frequently before the courts,—as Brown v. Railroad Co., 12 N. Y. 486; Brown v. Woodworth, 5 Barb. 550; · Hess v. Railroad Co., 29 Barb. 391. The provisions of the Code of Procedure are re-enacted in the Code of Civil Procedure in the article entitled "An action for a nuisance," above referred to, with the addition that by section 663 of the present Code an action on the case, where judgment for a sum of money only is demanded, is not regarded as an action for a nuisance.

With this brief resumé of the history of the "Action for a nuisance," we think it plain that the provision of section 968 of the Code of Civil Procedure, referring to a trial by jury, relates to the common-law action as it now exists. There still remains concurrent jurisdiction in equity, and equitable relief must be afforded after a trial in a court of equity. This, of course, has no relation to the question of a trial by jury of specific issues sent from a court of equity to be so tried.

The order appealed from should be reversed, with $10 costs and disbursements, and an order entered directing that the cause be restored to the equity calendar for trial. All concur.