## INJURY TO ABUTTING PROPERTY FROM MAKING A FILL ON A RAILWAY RIGHT-OF-WAY ACROSS A STREET.

Common Pleas Court of Franklin County.

SOPHIA OFFENBACHER V. CITY OF COLUMBUS, OHIO, AND THE
PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS
RAILWAY COMPANY.

Decided, November, 1914.

*Actions in Equity and at Law—Concurrent Jurisdiction—Election Between. Remedies—Pleading—Adoption by Reference Permissible Only When Appropriate.*

1. Concurrent jurisdiction, as applied to courts of law and courts of equity with respect to the affording of relief against a wrong in the form of a nuisance, means that under ordinary circumstances when the injury may be adequately compensated in damages the remedy is at law, but when the injury is irreparable in the equitable sense the remedy is in equity.
2. That injury may be irreparable, and warranting intervention by injunction, it must be so great as to be incapable of compensation in damages. If the injury be doubtful, eventual or contingent, equity will not enjoin. Mere diminution in the value of property without irreparable mischief will not furnish foundation for equitable relief.
3. Where a plaintiff alleges facts which constitute. a nuisance causing injury to his property in a specified amount, and in a second cause of action alleged that the injury will be continuing and irreparable damage will result to his property unless an injunction is granted, the matter contained in the said second cause of action must be regarded as a conclusion of law which the court will disregard and eliminate *sua sponte*, leaving the plaintiff in the position of electing to sue at law for damages for the alleged injury and nuisance.

*George D. Jones,* for plaintiff.
*E. L. Weinland,* contra.

KINKEAD, J.

The plaintiffs petition is as follows:

The plaintiff, Sophia Offenbacher, for her fourth amended petition herein, by leave of the court, says the defendant, the

city of Columbus, Ohio, is a municipal corporation duly organized and constituted under the laws of Ohio; that the defendant, the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, is a corporation organized and constituted under the laws of Pennsylvania and having a principal office and place of business and being actually engaged in business as a common carrier within said county.

The plaintiff further says she is now and for many years has been the owner and in possession of the following described premises in the city of Columbus in said county and state, to-wit: being 30 feet in width and 99 feet in length off of lot No. 93 in the town of Franklinton (now a part of the city of Columbus), described as follows:

Beginning 30 feet from the southeast corner of said inlot No. 93 running thence north 99 feet to a point; thence running west 30 feet to a point; thence running south 99 feet to a point; thence running east 30 feet to the place of beginning and 30 feet from the southwest corner of said lot 93 as said premises are described in deed book No. 348, p. 326, in the office of the recorder of said county; that plaintiff's said premises lie within 30 feet of the point in which is known as Green street, a long established public street and thoroughfare of said city extending north and south, is crossed at right angles by the right-of-way used and occupied by the defendant railway, which said street, prior to the date hereinafter named, had an established grade; that plaintiff's said premises are bounded on the north by the said right-of-way which runs in and through said city from east to west; that said defendant railway company does now and for many years heretofore, has continuously used, occupied and maintained said right-of-way, as a highway, for the purpose of operating its railway system, as a common carrier for hire, in and through said city; that said defendant railway company, each day, operates many trains of freight and passenger cars and many locomotives on its tracks, on said right-of-way, which is about one hundred feet in width; that long prior to the date hereinafter set forth plaintiff built and constructed and has ever since used and occupied as a place of residence on

said lot a permanent two-story dwelling-house and other buildings in connection therewith; that on or about the — day of ———, 1910, the defendants proceeded to fill and did fill with earth, gravel and stone and other permanent materials, the said Green street from the east to the west boundary line thereof and entirely over and across said right-of-way to a uniform height of 14 feet more or less above said established grade off of said Green street; that said Green street was and is thereby entirely closed at that point against public use and travel, and that at the same time, incidentially thereto, the defendants filled up said right-of-way of the defendant railway company, as aforesaid, to the height aforesaid, for a long distance to the east and west of said Green street and plaintiff's said premises; that prior to the making of said fill in said Green street and on and across said right-of-way, said defendant railway company used and operated its cars and locomotives or tracks in conformity to the said established grade of Green street; that prior to the making of said fill in said Green street and in said right-of-way of said defendant railway company, the natural fall of water on said right-of-way, for a long distance east and west of plaintiff's premises, was properly carried away by the drains provided therefor and did not run off of said right-of-way onto and upon plaintiff's said premises, but that subsequently to the making of said fill and by reason thereof said water runs onto plaintiff's said premises and said Green street in large quantities, and after heavy rains and especially during the wet season of the year, fills the cellar under plaintiff's said dwelling-house with water, inundates plaintiff's said premises and said Green street, and there being no means of carrying away said water provided by the defendants, the same remains on plaintiff's said premises and said Green street for a long period of time and said premises are thereby rendered constantly wet, uncomfortable, unsanitary and inconvenient for use and occupancy as a place of residence, and said buildings and improvements thereon seriously and permanently injured and damaged, to-wit, in the sum of $1,200, for which the defendants refuse to render or pay plaintiff any compensation.

For a second cause of action herein the plaintiff says she reavers and adopts herein as part of this cause of action, the same as if herein expressly written, each and all of the facts and averments set forth in the foregoing cause of action, and further says that by reason of the facts aforesaid the said condition in the use, occupancy and obstruction of said right-of-way and of said Green street by said fill by the defendants is and will be continuing if not enjoined and prevented by the order and decree of this court; that the plaintiff has no adequate remedy at law for the injury and damage thereby inflicted upon her and her said premises and that the said injury and damage is irreparable and this plaintiff is entitled to the equitable interference of this court to enjoin and abate the further continuance of said condition of use, occupation and obstruction of said right-of-way and said Green street.

Wherefore the plaintiff prays judgment against the defendants for the sum of $1,200 damages, and for an injunction against the defendants preventing them from further maintaining and continuing said fill in said right-of-way and said Green street and from causing water to be thrown off of the said right-of-way onto and upon said Green street and plaintiff's said premises, and that upon the final hearing of the case a mandatory order may be made by the court requiring the defendants to remove said fill and to restore said Green street, and said right-of-way to the condition prior to said — day of ———, 1910, when said fill was made therein, and for all other proper relief in law and equity to which the plaintiff is entitled.

A demurrer to the petition for want of facts is filed by the railway company.

A demurrer is filed by the city of Columbus for misjoinder of parties, improper joinder of causes, separate causes of action against several defendants are improperly joined, and for want of facts.

From the earliest period it has been a settled principle that courts of equity have concurrent jurisdiction with courts of law in case of private nuisances. The doctrine of the English courts was that the jurisdiction in equity was not original, but

consisted in the exercise of the extraordinary power in equity in aid of a legal right of property in order to preserve and protect it from injury pending the trial of the right or after such right had been first established.

This strict rule of formal procedure was gradually relaxed and departed from until by universal acquiescence it became the practice for courts of equity to entertain jurisdiction to decide and dispose of the entire litigation. So it came to be a settled rule that a court of chancery had concurrent jurisdiction with courts of law, by injunction, equally clear and well established in cases of private nuisance. The basis for the remedy by injunction in such cases was that the right should be clear, and the injury must be such as from its nature is not susceptible of being adequately compensated for by damages, or such as from its long continuance may occasion a constantly recurring grievance, which can not be prevented otherwise than by injunction. The interference by equity must be on the ground of sustaining irreparable mischief, or of suppressing multiplicity of suits. *Holsman* v. *Bleaching Co.*, 14 N. J. Eq., 335; *Carlisle* v. *Cooper*, 21 N. J. Eq., 576; *Finch* v. *Resbridger*, 2 Vern., 390; *Burnham* v. *Kempton*, 44 N. H., 79; *Miller* v. *Edison, etc., Co.*, 80 N. Y. Supp., 319.

Concurrent jurisdiction in some connections means "acting in conjunction" (*In re Mattson*, 69 Fed., 535). "Concurrent" is having the same authority, that is each of two courts, or of law and equity, have authority to deal with or exercise jurisdiction and power concerning a subject-matter as a nuisance. See *Rogers* v. *Bonnelt*, 37 Pac., 1078, 1079 (2 Okla., 553); 141 Ill., 491; 72 Wis., 62; 7 Am. St., 837.

The use of the term concurrent jurisdiction in connection with the power of a court of law or a court of equity over the wrong of nuisance means that under ordinary circumstances when the injury may be adequately compensated in damages the remedy is at law. But when the injury is irreparable in the equitable sense the remedy is in equity.

A party having two such concurrent rights is said to have a right to elect which one he will pursue. That is, wherever an

injury is within the concurrent jurisdiction of law or equity, the rule is that the injured may elect to pursue the one remedy or the other at his choice.

It seems incongruous to say that a party may elect to sue at law or in equity at choice, in a case where it must appear that his injury is irreparable in order to come within the jurisdiction or power of equity. But such right of election clearly exists in such cases, the theory being that in a case where the two remedies do exist the party may elect to pursue the less effective remedy if he so chooses.

In this case plaintiff has elected to state certain facts which she complains constitutes a private nuisance, injuring her property to the extent of $2,000, for which she claims damages. This is an action at law.

Plaintiff further undertakes to set up a second cause of action in which it apparently is sought to set forth an alleged cause of action.

Adoption by reference is permissible when appropriate. But it is improper in this case. The allegation that the injury is "continuing if not enjoined and prevented by the order and decree of this court; that the plaintiff has no adequate remedy at law for the injury and damage thereby inflicted upon her and her said premises, and that the said injury and damage is irreparable and this plaintiff is entitled to the equitable interference of this court to enjoin and abate the further continuance of said condition of use, occupation and obstruction of said right-of-way and Green street," in its entirety is a mere conclusion of law, and not the statement of any fact or facts. It is to be entirely disregarded in considering the demurrer. The court *sua sponte* orders all that part of the petition beginning with the words "Second Cause of Action" down to the prayer of the petition to be stricken out as improper and irrelevent.

With this portion of the petition eliminated it leaves the plaintiff in the apparent position of electing to sue at law for damages for the alleged nuisance and injury to her property.

Plaintiff places the measure of the injury to her property at the specific sum of $1,200.

Irreparable injury, to lay the foundation for intervention by injunction, must be so great as to be incapable of compensation in damages. There must be injury and damage. If the injury be doubtful, eventual or contingent, equity will not enjoin. Mere diminution in the value of property without irreparable mischief will not furnish foundation for equitable relief (*Rhodes* v. *Dunbar,* 57 Pa. St., 274). The "diminution of the value of. the premises is not a. ground" for injunction. *Fishmongar's Co.* v. *East India Co.,* 1 Dick., 164 (Lord Hardwicke); *Attorney-General* v. *Nichols,* 16 Ves., 337.

There was a recognized right in a party litigant at common law to demand both legal and equitable relief; that is he could pray for damages and an abatement of a nuisance, and also for an injunction, against its continuance, the action being technically known as an assize of nuisance. It was part of the judgment that the nuisance be abated. 3 Black, Com., 220; *Waggoner* v. *Jermine,* 3 Den., 306.

The same relief may now be had in an ordinary civil action under the code in a proper case. *Cogswell* v. *R. R. Co.,* 105 N. Y., 319; *Hudson* v. *Caryl,* 44 N. Y., 533.

As this case stands, with the matter stricken out it is to be regarded as an action at law, followed only by legal relief.

As the petition stands it states a good cause of action. An order may be drawn covering the *sua sponte* order of the court, an amended petition and new demurrer may be filed and overruled as per this opinion. The demurrer to the fourth amended petition is overruled.