SAMUEL GLASS, Plaintiff, *v.* MAX RINSE, Defendant.

Supreme Court, Kings Special Term, April, 1923.

Practice — non-residents — service of summons and complaint without the state without an order — " spite fence " — motion to set aside service denied.

Where in an action to have an alleged " spite fence " declared a nuisance under section 3 of the Real Property Law, judgment is demanded that the structure be declared a private nuisance, that it be abated, and that its continued maintenance be enjoined, service of the summons and complaint upon the defendant, a non-resident, may be made upon him outside of the state without an order, as prescribed by section 235 of the Civil Practice Act.

Upon such a service of the summons the plaintiff may have an abatement of the nuisance and a motion to set aside such service of the summons will be denied with leave to defendant to answer.

MOTION to set aside service of summons.

*Harry M. Peyser,* for plaintiff.

*Cohen & Steinberg (Benjamin Steinberg,* of counsel), for defendant.

BENEDICT, J. This is an action to have an alleged " spite fence " declared a nuisance under section 3 of the Real Property Law, added by Laws of 1922, chapter 374. The summons, together with a copy of the complaint, was served personally on the defendant without the state of New York without an order, and the present motion is to set aside such service. The defendant is a non-resident of the state. The plaintiff contends that this is an

action in which the summons may be served under section 235 of the Civil Practice Act, which provides for that method of service where the complaint demands judgment " that the defendant be excluded from a vested or contingent interest in or lien upon specific real   *   *   *   property within the state or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited, or otherwise affecting the title to such property." An action for a nuisance is now provided for by section 529 of the Real Property Law, the provisions of which were taken from sections 1660 to 1663 of the Code of Civil Procedure. Such an action so far as it may grant an abatement of the nuisance has always been regarded as an action in *rem*, affecting the property itself. Such an action would, in my opinion, be one by the judgment in which an interest in real property would be regulated, defined or limited. My opinion is, therefore, that in such an action service may be made in the manner prescribed by section 235 of the Civil Practice Act.

An action for nuisance is a common-law action triable by a jury. An equitable action for an injunction may also be maintained in case of a private nuisance. *Miller* v. *Edison Electric Illuminating Co.,* 78 App. Div. 390.

Section 3 of the Real Property Law, in my opinion, authorizes either a legal action under section 529 of the same statute, or an equitable action, in case of the particular kind of nuisance there specified. In the present case the judgment demanded is that the structure be declared a private nuisance, that it be abated, and that its continued maintenance be enjoined. This combines both the legal and equitable features in one action. Without deciding whether the plaintiff can have injunctive relief against a non-resident defendant on constructive service, I hold that he can on such service as was made herein have an abatement of the nuisance. Of course he cannot recover damages unless he also obtains a warrant of attachment and has the same levied on property of the defendant within the state.

Motion denied, with ten dollars costs, and with leave to the defendant to answer within twenty days from the entry and service of the order hereon.

Ordered accordingly.