EXPRESSWAY REALTIES, a Partnership, Plaintiff, *v.* SIDJAOK REALTY CORP., Defendant.

Supreme Court, Special Term, Bronx County, August 3, 1962.

*McCarthy, Kapelman & Nathanson* for plaintiff. *David S. Elgot* for defendant.

BERNARD NEWMAN, J. Motion by defendant to transfer the action from the equity side of the court to the law side, so that defendant may have a trial by jury, is denied.

Defendant contends that this is an action for damages for nuisance, and under the provision of section 425 of the Civil Practice Act it is entitled to a trial by jury as of right.

The gravamen of the complaint is that the defendant (owner of the premises immediately adjacent to and contiguous with premises owned by plaintiff) has reconstructed, filled in and caused to be graded all of its property in such a manner that the natural contour of the land was changed, thereby causing the surface water on defendant's property to collect and overflow onto plaintiff's property, resulting in damage to both the plaintiff's and its tenant's property.

Plaintiff seeks a permanent injunction restraining the defendant from continuing the wrongful actions complained of, plus damages.

The action for nuisance quoted in section 425 of the Civil Practice Act is limited in its application to the remedies which were available at common law; namely, actions seeking damages for a nuisance, and action seeking an abatement of the nuisance and damages (*Miller* v. *Edison Elec. Illuminating Co.*, 78 App. Div. 390).

An action to restrain a nuisance is not an action "for a nuisance", which may be tried by jury; but is an equity action triable by the court without a jury (*Cogswell* v. *New York, New Haven & Hartford R. R. Co.*, 105 N. Y. 319; *Goldschmidt* v. *New York Steam Co.*, 7 App. Div. 317).

The fact that damages are demanded herein does not make this a law action (*Miller* v. *Edison Elec. Illuminating Co.*, 78 App. Div. 390, *supra*).