OPINION OF THE COURT
Arthur W. Lonschein, J.
This action for a permanent injunction was brought to enjoin an alleged public nuisance being conducted in a grocery store located at 114-25 Farmers Boulevard, Jamaica, New York. On June 15, 1998, this court issued a temporary restraining order, temporary closing order, and preliminary injunction against the defendants named in this action, directing that the subject premises be closed, that no furniture, fixtures, or movable property, maintaining or permitting the public nuisance complained of, be removed or interfered with, and from conducting, *405 maintaining, operating, or permitting the subject premises to be used or occupied for the criminal sale or possession of marihuana or for any other violation of article 221 of the Penal Law.
On September 3, 1998, the court held a hearing and found that there was proof that there were two sales of marihuana made on various days and that following the last sale, a search warrant was obtained by the police and following the search thereon, over 150 bags of marihuana were found on the premises. Following the hearing, the court determined that the subject premises was a public nuisance pursuant to the definitions of Administrative Code of the City of New York § 7-701 et seq., and issued a preliminary injunction to remain in effect pending the underlying action and set a trial date for September 9, 1998.
On the date set for trial, the defendant served the plaintiff with a demand for a jury trial pursuant to CPLR 4101 which provides for a trial by jury in: “2. an action of ejectment; for dower; for waste; for abatement of and damages for a nuisance” (emphasis added). By order to show cause, the plaintiff has moved to vacate the jury demand on grounds that in this action for a permanent injunction, the defendant is not entitled to a jury trial.
The defendant’s reliance on CPLR 4101 (2) is misplaced even though in a cursory reading of the statute it may appear that a jury is warranted; the courts have held that the defendants are not entitled to a jury trial in this type of action. As was held by the court in Expressway Realties v Sidjack Realty Corp. (35 Misc 2d 639, affd 17 AD2d 926), in an action for nuisance, Civil Practice Act § 425 (the predecessor of CPLR 4101 where the language of the two statutes is identical) is limited in its application to the remedies which were available at common law, that is, those actions seeking damages for a nuisance and abatement and damages, and an action to restrain a nuisance is not an action “for a nuisance” triable by jury but is an equity action triable by the court.
Expressway Realties v Sidjack Realty Corp. (supra) was recently cited by the Appellate Division, Second Department, for its holding. In Adelstein v City of New York (212 AD2d 748, 749 [1995]), the Court, in affirming an order of this court which struck a jury demand in a nuisance action said, “In this case, where the plaintiffs sought abatement of and damages for a nuisance and an injunction restraining the continuance of the nuisance, they were not entitled as of right to a trial by jury *406 (see, Cogswell v New York, New Haven & Hartford Riv. R. R. Co., 105 NY 319; Expressway Realties v Sidjack Realty Corp., 35 Misc 2d 639, affd 17 AD2d 926)”.
Accordingly, the motion is granted, the defendant’s jury demand is stricken and the action will proceed to trial forthwith before the court.